## SUPREME COURT.

Anon H. Brewer, Appellant, agt. Newland Isish, Respondent.

*In reference to exceptions on the trial, and report of referees.* In a case where no questions of fact arise upon the evidence, and no interlocutory questions of law are raised on the trial, the decision of the referees will disclose all of the facts; and there will be nothing to which an *exception* can be taken but their *conclusions of law*, or their *decision upon those facts.* This *decision* is a proper subject of *exception*, and no bill of exceptions or case is necessary. A simple *exception* to the *decision* of the referees will present the whole question.

Consequently, where the legal questions presented by an appeal, arise on the facts found and reported by the referees, *no case* or *bill of exceptions* is necessary; but it is necessary only for the party to file and serve an exception to the decision of the referees, or to such specified parts thereof as he wishes to review. On such a decision, the party has, by § 268, *ten days* after notice of the judgment to except.

If, in addition to a review of this decision, the party desires to review the finding of the referees upon questions of fact, he can make a *case* setting forth the evidence. If questions of law are raised and passed upon in the course of the trial, and the party takes proper exceptions, he can present those questions by a *bill of exceptions*, setting forth as much of the evidence as may be necessary to present such questions.

If questions of *law* and *fact* arise during the trial, and the party desires a review upon both, he may incorporate his exceptions in his case—stating them separately from the facts.

But neither a case made for the purpose of reviewing questions of fact, nor exceptions which present only questions of law raised and passed upon during the trial, will bring up for review the *conclusion of law* or *final decision* of the referees upon the facts found by them.

For the purposes of an appeal, an *exception* to their *decision* as to all other decisions upon questions of law arising on the trial, must be taken.

Exceptions to all decisions made in the course of the trial, must be taken at the trial; and this would be so of the *final decision* of the referees, if it was required to be made then.

There is no authority for reviewing, on appeal, a decision to which no exception has been taken. On the contrary, it is plainly prohibited.

Therefore, although the referees' *report* is made by statute a part of the *record*, the court cannot review errors appearing on the *face of the record*, where no exceptions have been taken.

Brewer agt. Isish.

*Erie General Term, May,* 1856.

*Present,* BOWEN, *P. J.;* MULLETT, GREENE *and* MARVIN, *Justices.*

THIS is an appeal from a judgment entered on the report of a referee. The complaint contained two counts for work and labor performed and goods sold by the plaintiff and at the defendant's request.

The second answer of the defendant set up a counter claim for work and labor, goods sold, &c., amounting to $100, and claimed judgment against the plaintiff for $50. There was no reply to this answer. The referee found and reported that the plaintiff had performed work and labor for the defendant, and sold and delivered to him property of the value of $39.94, and decided, as a matter of law, that the plaintiff, by omitting to reply to the answer of the defendant, admitted the set-off therein claimed; and that the defendant, in claiming to set off the demand set up in his answer, and claiming judgment for $50, was entitled to recover the sum of $50 over and above the amount of the plaintiff's demand as proved. There are no exceptions in the case, which contains only the notice of appeal, pleadings and referee's report. Judgment was entered on the report, and the plaintiff appeals to this court.

J. L. BROWN, *for appellant.*
WAKEMAN & BRYAN, *for respondent.*

By the court—GREENE, Justice. It is claimed by the appellant that the referee erred in rendering judgment for the defendant for the amount of his counter claim, as it is alleged in his answer, without requiring proof of the amount of such claim. The appellant insists that the only effect of a failure to reply to that part of the answer, is to admit *a* cause of action *of the nature alleged,* and that without proof of the amount of his claim, the defendant was entitled to be allowed no more than nominal damages by way of set-off.

The respondent insists that the appellant is precluded from raising this question by his omission to except to the decision of the referee. The appellant, on the contrary, insists that we

are bound to review and correct all errors apparent on the .face of the record, and that, as the alleged error appears by the report, which constitutes a part of the judgment roll, no exception is necessary to enable us to review it.

This was the settled practice on a writ of error, and the only question is, whether, by the code, we are limited on an appeal to a review of errors specifically pointed out by exceptions.

By § 323, it is provided that " writs of error in civil actions, as they have heretofore existed, are abolished,. and the only mode of reviewing a judgment, or order, in a civil action, shall be that prescribed by this title." Chapter 2 of .title 9 contains provisions regulating appeals to the court of appeals. Chapter 3 regulates appeals to this court from inferior courts; and chapter 4 relates to appeals in this court and certain local courts from judgments entered upon the direction of a single judge or the reports of referees. Section 348 of that chapter provides that " in the supreme court * * * an appeal *upon the law* may be taken to the general term from a judgment entered upon the report of referees or the direction of a single judge of the same court in all cases, *and upon the facts, when the trial is by the court or referees.*"

The manner in which trials are to be conducted before courts and referees, and in which exceptions are to be taken and cases prepared for the purpose of an appeal, is prescribed by §§ 267, 268 and 272. Section 267 provides that " upon the trial of a question of fact by the court, its decision shall be given in writing, and filed with the clerk within twenty days after the court at which the trial took place. Judgment upon the decision shall be entered accordingly." Section 272 is in these words : " The trial by referees is conducted in the same manner, and on a similar notice, as a trial by the court * * *. They must state the facts found, and the conclusions of law separately, and their decision must be given, *and may be excepted to* and reviewed in like manner, *but not otherwise, and they may in like manner settle a case or exceptions.* The report of the referees upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same man-

ner as if the action had been tried by the court. When the reference is to report the facts, the report has the effect of a special verdict."

By § 268, it is provided that "*for the purpose of an appeal,* either party may except to a decision on a matter of law arising upon such trial, within ten days after notice in writing of the judgment, in the same manner and with the same effect as upon a trial by jury. And either party desiring a review upon the evidence appearing on the trial, either of the questions of fact or of law, may, at any time within ten days after notice of the judgment, or within such time as may be prescribed by the rules of the court, make a case or exceptions in like manner as upon a trial by jury, except that the judge, in settling the case, must briefly specify the facts found by him, and his conclusion of law. But the questions, whether of fact or of law, arising upon the trial, *can only be reviewed in the manner prescribed by this section,*—the questions of law in every stage of the appeal, and the questions of fact upon the appeal, to the general term of the same court, as prescribed in section three hundred and forty-eight."

It will be useful, in the examination of this question, to notice the various amendments of those sections that have been adopted since 1848. Sections 222, 223 and 227 of the Code of 1848 correspond, in the subject matter of their provisions, with §§ 267, 268 and 272 of the subsequent editions of the Code.

Section 222 provided that upon the trial of a question of fact by the court, the facts found by the judge should "be first stated, and then the conclusion of law upon them." Section 223 contained substantially the same provisions as those contained in the two first clauses of § 268; the last clause providing that the party desiring a review of the questions of law or fact arising upon the evidence, might make a *case* containing so much of the evidence as was material to the question to be raised. Section 227 provided that the report of the referees should stand as the decision of the court in the same manner as if the action had been tried by the court, and that their decision upon

the matter referred might be excepted to and reviewed in like manner.

By the amendment of 1849, the provision in § 222 (267), requiring the judge to state the facts found by him in his written decision, was stricken out, and § 223 (268) was amended only in its phraseology, leaving the above provisions unchanged. Section 227 (272) retained the original provision as to reviewing the decision of referees, unchanged, and added a provision that a *rehearing* might be granted by the court in which the judgment was entered.

In the amendments of 1851, no change was made in § 267. Section 268 was amended by a provision that the party desiring a review upon the evidence, &c., might make a case or bill of exceptions containing so much of the *evidence* and such *exceptions* as might be material to the questions to be raised. It was further provided that the judge, in settling *such case,* shall specify the facts found by him, and his conclusions of law. Section 272 was so amended as to require the trial by referees to be conducted in the same manner as a trial by the court, and to give the referees the same power as the court to grant adjournments, and to require them *to state the facts found and the conclusions of law separately.* It was also provided that their decision should be given, and excepted to and reviewed in the same manner as decisions of the court, that their report upon the whole issue should stand as the decision of the court, and that *when the reference was to report facts, the report should have the effect of a special verdict.*

No change was made in § 267 by the amendments of 1852. Section 268, as then amended, contains substantially the same provisions as to exceptions, and the manner of settling the case by the judge, as were inserted by the amendment of 1851, and the additional provision that the questions, whether of fact or of law, arising on the trial, *should be reviewed only in the manner provided by that section.* Section 272, as last amended, contains all the provisions inserted by the amendment of 1851, and, in addition to the provision that the decision of the referees may be excepted to and reviewed in like manner as a decision

by the court, the significant words, " *but not otherwise,*" are added.

It will be seen, from this review of the various amendments of these sections, that the provisions of § 268, prescribing the manner of excepting to and reviewing decisions in cases tried by the court, and the provision in § 272, for the same exceptions and mode of review in cases tried by referees, have been retained without substantial change, since the adoption of the Code.

What are those exceptions? and when and how are they to be taken? are the questions involved in this case.

I think it is apparent, as well from the language of § 268, as from its history and subject matter, that two classes of exceptions are contemplated by its provisions. The first clause of the section provides that either party may except to a decision on a matter of law arising on the trial within ten days after notice of the judgment. This clause could not have been intended, and it has never been construed so as to authorize a party to except to a decision made on the trial in relation to the reception or rejection of evidence, or to take any exception which he might, and, according to the ordinary course of practice, would have been required to take on the trial. And yet such exceptions come within the letter of the section—they relate to " matters " or questions of law arising on the trial. It is clear, however, that they were not intended by the language of this clause, and that, as to such exceptions, the party, for all purposes of an appeal, is limited to those taken on the trial. The section accordingly provides, in the next clause, that the party desiring a review either of the questions of law or fact arising upon the evidence appearing on the trial, may, within ten days, *make a case* or exceptions, or (in the more familiar and appropriate language of the law) a bill of exceptions, in like manner as upon a trial by jury. The question, then, is, what are the exceptions mentioned in the first clause of this section?

I think a careful consideration of all the provisions of the sections above cited, and especially of the provisions in relation

to the trial and decision of issues of fact by courts and referees and the known course of practice in such cases, will suggest the true answer.

By the provisions of § 222 (268) of the Code of 1848, the judge who tried a question of fact was required to state in his decision the facts found by him, and his legal conclusions separately. In a case where no question of fact arose upon the evidence, and no interlocutory questions of law were raised on the trial, as the decision of the judge would disclose all of the facts, there would be nothing to which an exception could be taken but his conclusion of law, or his decision upon those facts. This decision, like his charge to the jury in a case tried before a jury, would be a proper subject of exception, and no bill of exceptions or case would be necessary. A simple exception to his decision would present the whole question. And we held accordingly in the case of *Gwinn* agt. *Stratton*, decided at the general term in this district, in January, 1854, where the legal questions presented by the appeal, arose on the facts found and reported by the referee, that no case or bill of exceptions was necessary; but that it was necessary only for the party to file and serve an exception to the decision of the referee, or to such specified parts thereof as he wished to review. But as the decision in such a case would not ordinarily be made at the trial, the party aggrieved would have no opportunity to except until he was apprised of the decision after the trial; and by the first clause of § 268, it was provided that he should have ten days after notice of the judgment, to except. If, in addition to a review of this decision, the party desires to review the finding of the judge or referee upon questions of fact, he can make a case, setting forth the evidence. If questions of law are raised and passed upon in the course of the trial, and the party takes proper exceptions, he can present those questions by what are termed, in this section, exceptions—consisting, as I suppose, of a statement in the nature of a bill of exceptions, setting forth as much of the evidence as may be necessary to present the questions. If questions of law and fact arise during the trial, and the party desires a review upon both, he may

probably incorporate his exceptions in his case, though a more convenient and lawyerlike practice would be to present them separately. But neither a case made for the purpose of reviewing questions of fact, nor exceptions which present only such questions of law as were raised and passed upon during the trial, will bring up for review the conclusion of law or final decision of the judge or referee upon the facts found by him. "For the purposes of an appeal," the section in question requires an exception to this decision as to all other decisions upon questions of law arising on the trial. Exceptions to all decisions made in the course of the trial must, from the nature of such exceptions, and of a trial, be taken at the trial. And this would be so of the final decision, if it was required to be made then. No one would doubt the necessity of taking an exception to the final decision, if it was the practice to render it at the close of the trial. But the legislature contemplated that the judge would take time to deliberate upon the case before making a decision, and hence gave the party the usual time to *take* an exception to it, while as to all other exceptions it gave him time to *state* them in proper form for review—in other words, to "make a case or exceptions," containing a statement of the exceptions previously taken.

I think the result of the several provisions of the Code bearing upon this question, may be thus stated : Section 323 abolishes writs of error in civil actions, and provides that the manner of reviewing judgments in such actions, shall be by appeal. Section 268 provides that for the purposes of an appeal the exceptions above suggested shall be taken, and that the decisions mentioned in that section shall be reviewed *only in the manner therein provided ;* and section 272 provides that the decisions of referees shall be *excepted to and reviewed* in the same manner as decisions mentioned in section 268, *and not otherwise.* I can find no authority in these provisions for reviewing a decision to which no exception has been taken. On the contrary, I think the provisions cited plainly prohibit it. To the suggestion of the appellant, that the referee's report is made, by the statute, a part of the record, and that we should review all errors there

appearing, there are several answers. In the first place, that was a rule peculiar to writs of error, which are abolished. A bill of exceptions, also, was made by statute a part of the record, but a judgment was never reversed for any error disclosed by the bill of exceptions, unless a proper exception was taken. The former practice of reviewing the decision of a referee on a motion to set aside his report, in which this technical strictness was disregarded, no longer prevails. The statute, as we have seen, provides that it shall be done on specific exceptions. Nor can the report be treated as a special verdict, which merely presented certain facts for the judgment of the court. The report is a decision, and is followed by a judgment of the court on the facts found thereby, and the question presented by an appeal is upon the judgment itself. Besides, § 272 provides when the report shall be regarded as a special verdict, that is, when the reference is merely to *report the facts*.

The case of *Gilchrist* agt. *Stevenson*, in this court, (7 *How. Pr. R.* 273,) and the cases of *Sands* agt. *Church*, (2 *Seld.* 347,) and *Stevens* agt. *Reynolds*, (*Id.* 454,) though not precisely in point, seem to favor this view of the question.

In the case of *Stevens* agt. *Reynolds*, the issues had been tried before Justice WELLES, and the parties, instead of making exceptions, entered into a stipulation that the plaintiff should be considered as having duly excepted to the finding and decision of the judge. The court affirmed the judgment on the ground that the decision of the judge at the circuit was right. JOHNSON, J., at the close of his opinion, notices the manner in which the case was presented, and says : " The cause was tried before a judge without a jury, and, under § 268, the party complaining of the decision should have excepted and made his bill of exceptions in the same way as if the trial had been by jury. Had our conclusion upon the question of law involved been favorable to the plaintiff, we should not have felt at liberty to reverse the judgment on these papers."

*Gilchrist* agt. *Stevenson* was a motion for leave to file exceptions to the decision of the judge after judgment had been entered. Justice HAND, in discussing the question as to the na-

ture and office of these two classes of exceptions, says: " If the exception be for some supposed error apparent on the face of the record, that is, if any decision, even on a question of fact, be inconsistent with the pleading, I do not see why he may not except without reference to anything that transpired on the trial."

There being no exceptions in this case, I think we cannot review the alleged errors in the decisions of the referee.

The judgment must therefore be affirmed.