# IN THE MATTER OF THE WILL OF DANIEL G. BOWEN, Deceased.

Appeal from Probate Court—Notice of.—An appeal from any order, decree or judgment of a Probate Court, or from some specific part thereof, may be taken and perfected by filing with the Clerk of said Court a notice stating such appeal, and by executing an undertaking, or giving surety on such appeal in the manner and to the extent as upon an appeal from a District Court. The notice need not be served.

Exception.—An exception is an objection taken at the trial to a decision upon a matter of law, made at any time from the calling of the cause for trial to the rendering of the verdict or decision. An exception simply to an order of the Probate Court appealed from, taken at the time it is made, is entitled to be considered on such appeal.

Idem—The decision of a Court, when not rendered immediately after the close of the testimony, is, by operation of law, deemed to be excepted to on a motion for new trial, or an appeal. No express exception to a final decision is necessary for the purposes of a motion for new trial, or review on appeal.

Idem—An exception must be taken upon a fact or facts not denied. The point of law to the decision of which an exception lies, does not arise until the facts are determined.

New Trial of Issues framed in Probate Court, and Determined in District Court—Appeals from.—A new trial may be granted by the District Court of issues determined therein, which have been framed in a Probate Court, and an appeal from an order granting or refusing the same lies to the Supreme Court. Probate Courts are bound by the final determination of such issues in the District Court.

District Courts Without Jurisdiction to try Issues framed in Probate Courts.—Since the adoption of the constitutional amendments of 1862, District Courts have no jurisdiction to try issues framed in Probate Courts. Section six of Article VI, as amended, deprived District Courts of said jurisdiction, as conferred by said section before amendment, and defined in section twenty of the Probate Act. Section eight of the same Article, as amended, vested this jurisdiction exclusively in Probate Courts.

Idem—Since said constitutional amendments the provisions of section twenty of the Probate Act—conferring probate jurisdiction on District Courts—have become repugnant to the Constitution, and void.

Appeal from the Probate Court of Contra Costa County.

The petition for the probate of the will of Daniel G. Bowen, deceased, was filed in the Probate Court of Contra Costa County June 30th, 1864, by Joseph Emeric, who was named therein as executor, to admit said will to probate and for letters testamentary to issue to him.    Thereafter, and pending said petition, Trinidad Pacheco and others, representing themselves as heirs of said Bowen, deceased, filed in said Court their opposition to the probate of said will as prayed, and, on their motion, certain issues of fact—upon the determination of which the right of said will to probate was dependent—were framed and certified to the District Court of the Fifteenth Judicial District, Contra Costa County, for trial.    On the trial of said issues in the District Court with a jury, a special verdict on all of said issues was rendered in favor of the petitioner and against contestants, upon which, as certified to and returned by the District Court to said Probate Court, and without other or further proof, the latter Court, by appropriate order, admitted said will to probate and issued letters testamentary to petitioner as prayed.    Said contestants excepted to said order, and procured to be settled by the Probate Court a bill of exceptions, which, in addition to said exception to said order, contained a separate bill of exceptions, duly settled by said District Court, of and concerning certain of the proceedings of the trial of said issues in the last named Court.    This appeal was taken by said contestants from said order, and was heard upon the bill of exceptions as settled by the Probate Court.    This appeal was taken by filing a notice thereof with the Clerk of the Probate Court within the time prescribed by law, and by giving the requisite undertaking.    Before said order appealed from was made by the Probate Court, a motion for new trial of said issues in the District Court had been made by appellants and denied; and from the order denying the same, proceedings had been taken by appellants to perfect an appeal to the Supreme Court.    The legal existence of said last named appeal was denied by respondent on the hearing of this appeal, but the truth of the matter is not ascertainable from

the transcript on this appeal. In this Court respondents moved to dismiss this appeal for want of service of notice thereof.

The other facts are stated in the opinion of the Court.

*M. S. Chase*, and *Thomas A. Brown*, for Appellants, argued that the Probate Court had no jurisdiction to admit the alleged will or to issue letters testamentary to respondent, because of the pendency of an appeal from the order of the District Court denying appellants' motion for a new trial of the issues tried therein; that said order was appealable; and cited section twenty of the Probate Act. (*Keller* v. *Franklin*, 5 Cal. 133.) They further argued that the appeal was properly taken, although not served on respondents; and cited section two hundred and ninety-eight of the Probate Act.

*Clarke & Carpentier*, for Respondent.

The appeal should be dismissed for want of service of the notice of appeal. (Practice Act, Sec. 521.) In order to effect an appeal three things are necessary to be done: first, file notice of appeal; second, serve notice; third, file undertaking on appeal; and these three acts must be performed in the order in which they are recited. (*Buffendeau* v. *Edmondson*, 24 Cal. 94; *Carpentier* v. *Williamson*, 24 Cal. 609.) A service of notice is equally necessary on appeal from the Probate Court, as from other Courts of record. (Probate Act, Secs. 293, 298; Practice Act, Sec. 337.)

There is nothing in the transcript by which the judgment of the Probate Court appealed from can be reviewed. The order (so called) from which an appeal is taken, is in reality a final judgment, and the bill of exceptions on which it is presented for review is not made up as required by law. (Practice Act, Sec. 188; Act to regulate appeals, Sec. 4, Stats. 1861, p. 589; *More* v. *Del Valle*, 28 Cal. 174; *Harper* v. *Minor*, 27 Cal. 109–10.) The exceptions authorized by law are evidently such only as are taken to rulings or decis-

ions made by the Court touching matters of law, arising prior to the final judgment. (See Practice Act, Sec. 338.)

The Probate Court did not err in rendering the final decree appealed from. First, because the District Court had no jurisdiction to grant a new trial of the issues sent to it from the Probate Court; second, no appeal was ever taken and perfected from the order of the District Court denying a new trial. (Probate Act, Secs. 20, 30, 294, as amended in 1861; *Pond* v. *Pond*, 10 Cal. 500; *Reed* v. *McCormick*, 4 Cal. 343; *Keller* v. *Franklin*, 5 Cal. 433; Barbour Ch. Pr. 455–61; *Apthorp* v. *Comstock*, 2 Paige Ch. 487; Practice Act, Chap. IV, Arts. I, II, III; *Dorsey* v. *Dorsey*, 24 Cal. 455.)

By the Court, RHODES, J.:

The Probate Act does not require a service of the notice of appeal. It is provided by section two hundred and ninety-eight that the appeal " shall be made by filing with the Clerk of the Probate Court a notice stating the appeal from the order, decree or judgment, or some specific part thereof, and by executing an undertaking or giving surety on such appeal, in the same manner and to the same extent as upon an appeal to the Supreme Court from the District Court," etc. Service of the notice is not required by section three hundred, for it was not intended that the provisions of the Practice Act should supersede those of the Probate Act, or that the former should apply in any matter in respect to which express provision was made in the latter. One uniform mode of taking appeals to this Court is desirable, for it would greatly conduce to certainty as well as facility in practice.

The appeal is taken from the order of the Probate Court admitting the will to probate. The petitioner insists that the case cannot be reviewed on the bill of exceptions. The only exception found in the bill of exceptions is that taken to the order from which the appeal is taken. This mode of procedure, though unusual, is authorized by the Practice Act. An exception is an objection taken at the trial to a

decision upon a matter of law, made at any time from the calling of the action for trial to the rendering of the verdict or decision. (Practice Act, Sec. 188.) It is provided by section one hundred and ninety-one that "when a cause has been tried by the Court, or by referees, and the decision or report is not made immediately after the closing of the testimony, the decision or report shall be deemed excepted to on a motion for a new trial or an appeal, without any special notice that an exception is taken thereto." By necessary inference an exception may be expressly taken to the decision when made immediately after the closing of the testimony. Such exception, whether expressly taken or interposed by law, will, in a large majority of cases, be of no service to the objecting party; for it is not necessary to be taken in order to entitle him to move for a new trial on any of the grounds specified in the Act, or to maintain his appeal, if the facts found do not warrant the decision. Whether it was intended that an exception should be taken to the final decision by the party desiring to have the decision corrected by a new trial or an appeal, need not now be passed upon, for whatever the intention may at first have been, the opposite practice has been too long continued, as well as too uniform, to be now disturbed by the Court.

The rule is uniform; and, indeed, it forms an essential part of the definition of an exception that it must be taken upon a fact or facts not denied. (*Graham* v. *Cammann*, 2 Caine, 168; *Frier* v. *Jackson*, 8 Johns. 507; *Jackson* v. *Cadwell*, 1 Cow. 622; *Brewer* v. *Isish*, 12 How. Pr. 481.) The reason of this is that the question or point of law, to the decision of which an exception lies, does not arise until the facts are determined.

The questions arising in the District Court on the trial of the issues, certified to it by the Probate Court, cannot be reviewed on this appeal, as this appeal is taken to correct the alleged errors of the Probate Court, and not of the District Court. If it is said that error occurred in the proceedings of the District Court which ought to be corrected, the answer

is that the Probate Court is not vested with the necessary appellate jurisdiction for that purpose. Nor has the Probate Act vested that Court with the authority to order a new trial in the District Court. Section twenty, as amended in 1861, by requiring the Probate Court to " admit said will to probate, or not, according to the facts found and the law," has, in effect, made the special verdict conclusive upon that Court. And besides this, unless we are prepared to say that the errors of the District Court are beyond the reach of all redress, the party aggrieved must have the benefit of an appeal, if not also a new trial. In *Pond* v. *Pond*, 10 Cal. 500, the point as to the authority of the District Court to grant a new trial did not arise, the question being as to the effect of the decision of the District Court; but the Court thought it very questionable whether the District Court could grant a new trial of an issue framed by the Probate Court. We, on the contrary, entertain no doubt that that Court possesses the requisite power to grant a new trial; and this from the very necessities of the case, for otherwise the party is without remedy in case of misconduct of the jury, accident, surprise, newly discovered evidence, or insufficiency of the evidence to justify the verdict. An appeal must lie from the order of the District Court granting or refusing a new trial, otherwise any error therein would be beyond the reach of correction.

One of the questions presented under the bill of exceptions is the alleged error in proceeding to order the will to be admitted to probate while an appeal from the District Court was pending. This question cannot be entertained, unless it clearly appears that such appeal was then pending.

Within the proper time after the filing of the notice of appeal, an undertaking was filed. This was of no avail, unless the sureties justified in the proper manner and within the required time, if exception was taken to their sufficiency. It appears, inferentially, but not directly, that such exception was taken. The contestants gave notice of justification, but the notice was too short, and they gave a second notice, and

the time appointed was beyond the time allowed by the statute. There is some question about the capacity of the officer before whom the justification was had; but as there is some confusion in the record as to the Court in which the issues were tried, the issues being certified to the District Court for the County of Contra Costa, and the verdict returned in the District Court for the City and County of San Francisco, the question need not be passed upon. We cannot say, with certainty, whether the Court found that an appeal had or had not been perfected, but we would infer, from the decision, that the Probate Court found that the appeal had not been perfected. But however this may be, that fact is in controversy, and as this Court cannot settle or find the facts upon which the point of law arose in the Probate Court, the question made here cannot be considered.

There is a question in the case of much greater importance than the one just noticed. It has not been presented by counsel, but as it is a question touching the jurisdiction of the District Court, the decision of which may be of vast importance in the administration of the estates of deceased persons, and as a delay in the settlement of the question would be productive of great injury, we feel no hesitation in entertaining and disposing of it at this time. The only evidence presented by the petitioner on the hearing before the Probate Court, was the issues certified to the District Court, and the finding of the jury thereon. If the District Court had no jurisdiction of the matter, the verdict was a nullity, and in consequence thereof, there were no facts before the Probate Court on which to base the order admitting the will to probate.

The issues were certified to that Court according to the provisions of section twenty of the Probate Act, as amended in 1861. (Stats. 1861, p. 630.) At the time of the passage of that Act, the Constitution conferred upon the District Courts jurisdiction to try such issues. The last clause of the section defining the jurisdiction of the District Courts, (Sec. 6, Art. VI, as it stood previous to the amendment of

1862,) is as follows: "In all criminal cases not otherwise provided for, and in all issues of fact found in the Pobate Courts, their jurisdiction shall be unlimited." The section, as amended in 1862, omits all reference to issues joined in the Probate Courts. The omission is very significant, and can be accounted for in no other way than upon the theory that is was not intended that the District Courts should possess such jurisdiction. Section eight of the same Article, relating to the County Courts, provides that "the County Judges shall also hold in their several counties Probate Courts, and perform such other duties as Probate Judges as may be prescribed by law." This is a comprehensive grant of probate jurisdiction, and as there is nothing in the Article granting concurrent jurisdiction, the grant to the Probate Courts must be held exclusive. There may be cases involving matters peculiar to Probate Courts of which the District Courts may have jurisdiction; but matters like the probate of a will, the granting of letters testamentary or of administration, the allowance of claims, the settlement of the accounts of the executor or administrator, etc., were well understood at the time of the adoption of the amendments to the Constitution as falling within the probate jurisdiction. If, without any express grant, like that in the former Constitution, the District Courts can be vested by the statute with jurisdiction of the matters provided for by section twenty of the Probate Act, the jurisdiction to determine every question of fact arising in the Probate Courts may likewise be transferred to the District Courts, and the Probate Courts left as the mere registers of the decisions of the District Courts.

The provisions of that section permitting issues joined or framed in the Probate Court to be certified to the District Court for trial, ceased to have any effect under the amendments of the Constithtion, for the want of power in the District Court to try them.

Order reversed, and cause remanded for further proceedings.

SAWYER, C. J., concurring specially:

I concur in the judgment of reversal on the grounds last stated in the opinion of Mr. Justice RHODES, that under the Constitution, as amended, the District Court has no jurisdiction to try the issues of fact certified to it by the Probate Court for that purpose.  It is important that the point should be decided now, in order that any legislation that may have been rendered necessary by the amendment to the Constitution may be had at the present session of the Legislature.