IN THE MATTER OF THE ESTATE OF J. J. TOM-
LINSON, DECEASED.

TRIAL OF ISSUES FRAMED IN PROBATE COURT—JURISDICTION OF.—Since the adoption of the constitutional amendments of 1862, District Courts have no jurisdiction to try issues framed in Probate Courts, and sections twenty and two hundred and ninety-four of the Probate Act have become inoperative.

PROBATE OF WILLS—TRIAL OF ISSUES ON.—Where the contestants to the probate of the will of T. raised as an issue in the Probate Court, among others, that T.

was not of a sound and disposing mind at the time the will was made, which being certified to the District Court, in conformity with sections twenty and two hundred and ninety-four of the Probate Act, for trial, was returned to the Probate Court, coupled with the evidence taken at the trial in the District Court, but it appeared that the jury did not find upon the issue either way, whereupon the Probate Court, upon said evidence, assumed to determine the issue against contestants, and admitted the will to probate : *Held*, first, that the District Court had no jurisdiction to try said issue; second, that the Probate Court had no authority to determine the same upon evidence which had been taken at a trial in the District Court; and third, that said issue was material, and it was error to admit the will to probate without a lawful determination of the same.

APPEAL from the Probate Court of Los Angeles County.

This is an appeal by William T. Tomlinson, Sarah A. Griffith, James Tomlinson, and Henrietta Smith, the heirs at law of J. J. Tomlinson, deceased, and who contested the probate of the last will and testament of deceased.

The other facts are stated in the opinion of the Court.

*Glassell & Chapman*, for Appellants.

*V. E. & C. V. Howard*, for Respondent.

By the Court, SAWYER, C. J. :

The decree admitting the will of Tomlinson, deceased, to probate in this case, clearly, cannot be sustained. Issues were framed, at the request of the parties, and sent to the District Court for trial in pursuance of sections twenty and two hundred ninety-four of the Probate Act. After the trial of these issues this Court held, in the *Matter of Bowen's Estate*, 34 Cal. 682, that since the recent amendment of the Constitution, the District Courts have no jurisdiction to try such issues, and that said sections, under the Constitution, as it now stands, have become inoperative. Besides, if the provisions were still in force, the verdict is to be special, and upon the return of the verdict, the Probate Court is required "to proceed and admit said will to probate, or not, according to the facts as found, and the law." (Secs. ·

20, 294.) The verdict returned upon the issues submitted, and not the evidence taken in the District Court, or other evidence, so far as those issues are concerned, is to be the basis of the decree. The contestants in this case, among others, directly raised the issue by their pleadings, that deceased at the time of making the will in question, was not of a sound and disposing mind, and a special issue presenting the question was framed, certified to the District Court for trial and submitted to the jury, but this issue with several others was not found, one way or the other, and the question was certified back unanswered. The issue was material, and no decree could properly be rendered after such issue had been made, until it should be determined. Exception was also taken to the verdict returned, on the ground that this and several other issues had not been passed upon by the jury. The Judge, however, assumed to determine the several issues thus returned upon the evidence certified from the District Court, and to render a decree according to his own findings. This was clearly error.

Appellants claim that there was enough in the special verdict returned to require the Probate Court to render a decree rejecting the will; but, independent of the objection that the District Court had no jurisdiction to try the issues, we do not think a decree should have been rendered upon so imperfect a verdict as that returned. The Judge was not authorized to act upon the evidence reported by the Clerk of the District Court, certainly, without the consent of the parties, and they declined to consent.

It is clear to our minds, that the decree should be reversed, the verdict vacated, and a new trial of the issues raised by the pleadings had, and it is so ordered, and further ordered that the remittitur issue forthwith.