[Sac. No. 5325. In Bank.—July 23, 1941.]

THE UNION LEAGUE CLUB (a Corporation), Respondent, v. CHARLES G. JOHNSON, as State Treasurer, etc., Appellant.

Earl Warren, Attorney General, H. H. Linney, Adrian A. Kragen and James J. Arditto, Deputies Attorney General, for Appellant.

Peter tum Suden and Richard tum Suden for Respondent.

Gavin McNab, Schmulowitz, Aikins & Wyman, Nat Schmulowitz and Peter S. Sommer, as *Amici Curiae,* on behalf of Respondent.

EDMONDS, J.—The State Treasurer complains that the superior court in rendering a judgment for the amount of taxes paid by the respondent under protest, improperly construed the Retail Sales Tax Act (Stats. 1933, p. 2599; Deering's Gen. Laws, Act 8493). The taxpayer was allowed to recover upon the theory that this act, as in effect at the time the assessment was made, does not include a *bona fide* social club.

The respondent is a non-profit corporation, organized for social and political purposes. It occupies a building in San Francisco in which it maintains all the facilities of a modern club, including dining rooms and a bar. The building is open only to members, which number between five and six hundred, and their guests. Apparently the operations of the dining rooms and bar are carried on at a loss, the deficit

being made up from the fixed dues paid by members and assessments made upon them. In 1936 and to September 30, 1937, the club furnished liquor and meals to its members and their guests in an amount which required the payment of the sum sued for in this action if it was at that time a "retailer" engaged in "business," as these terms were defined by the Retail Sales Tax Act, *supra*, as then in effect.

The State Treasurer declares that the respondent is included within the definitions of these terms as stated in the act, and if the statute is ambiguous, it should be construed in the light of the administrative interpretation of it by the Board of Equalization. The respondent contends that a *bona fide* social club with a limited and selected membership, which incidentally furnishes food to its members, is not engaged in business in a commercial and trade sense, and therefore is not a retailer within the scope of the act. More specifically, it declares that there is no sale by such a club when food or liquor is served because the transaction is not the transfer of title or possession "of tangible personal property" for a consideration by one "engaged in the business of making sales at retail . . . with the object of gain, benefit or advantage, either direct or indirect", which are the requirements of the tax law. (Secs. 2c, 2d, 2e.) It also relies upon the fact that in 1939 the statute was amended so as to expressly include social clubs in the definitions of persons and sales and no administrative interpretation of the provisions of the act, insofar as social organizations are concerned, had theretofore been made.

At the time the respondent was assessed, the Retail Sales Tax Act, as amended in 1935 (Stats. 1935, p. 1256), required the payment of a tax upon every "retail sale" or "sale at retail." These were defined as "a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property . . . " (2c). A "retailer," in the language of the act, was "every person engaged in the business of making sales at retail" (2e), and "business" was said to be "any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit or advantage, either direct or indirect" (2d).

The transactions for which the respondent was assessed were "sales" within the statutory meaning of that term

(*Ada County* v. *Boise Commercial Club,* 20 Ida. 421 [118 Pac. 1086, 38 L. R. A. (N. S.) 101]), and the club admits that it is a "person" as defined by the act. But it insists that the statute applies only to those engaged in business for profit because the taxable activity was required to be "with the object of gain, benefit or advantage, either direct or indirect." As its purpose is not to make a profit but to serve its members, it argues, the judgment should be affirmed.

It is significant that the statute does not include the word "profit" in its definitions but imposed a tax upon the transactions of one conducting business "with the object of gain, benefit or advantage, either direct or indirect." Assuming that no profit was either intended or realized by the club from the operations of its dining rooms and bar, it does not follow that there was no "gain, benefit or advantage." Few persons would go to a club without these facilities and they undoubtedly largely contribute to the success of such an enterprise. In construing a statute using the identical language of our own, the Supreme Court of Ohio aptly remarked: " 'Profit' may be said to be 'gain, benefit, or advantage,' but 'gain, benefit, or advantage' does not necessarily mean only 'profit'." (*State* v. *Zellner,* 133 Ohio St. 263 [13 N. E. (2d) 235].)

The respondent relies upon *Cuzner* v. *California Club,* 155 Cal. 303 [100 Pac. 868, 20 L. R. A. (N. S.) 1095], and *Varcoe* v. *Alameda Lodge,* 174 Cal. 549 [163 Pac. 909], in support of his position but these decisions are not determinative of the question. In the Cuzner case the court held that a *bona fide* social club selling liquor only to members was not subject to an ordinance requiring those engaged in that business to obtain a license. But the ordinance did not define the word "business," and the court pointed out that this term "as used in a law imposing a license-tax on businesses, trades, professions, and callings, ordinarily means a business in the trade or commercial sense, one carried on with a view to profit or livelihood." The later decision was placed upon the same ground.

As against these contentions, the respondent takes the position that because the legislature in 1939 expressly amended the statute to impose a tax upon social clubs, this court should construe the former law as not including them. ■ This statement is based upon the general rule that courts ordinarily assume from a new enactment, a legislative purpose to change the existing law. (*People* v. *Weitzel,* 201 Cal. 116

[255 Pac. 792, 52 A. L. R. 811] ; *Loew's Inc.* v. *Byram,* 11 Cal. (2d) 746 [82 Pac. (2d) 1].) But in view of the fact that at the time this amendment was made, social clubs were resisting the collection of sales taxes, a legislative intent to clarify rather than to change the law, may well be inferred.

The judgment is reversed with directions to enter judgment for the appellant.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., and Spence, J., *pro tem.,* concurred.

Respondent's petition for a rehearing was denied August 21, 1941. Traynor, J., did not participate therein.