[Civ. No. 18730. Second Dist., Div. One. Nov. 14, 1951.]

Estate of ARTHUR C. JAMISON, Deceased. CHANCEY B. JAMISON, Respondent, v. FRANCIS JAMISON JOHNSON, etc., et al., Appellants.

Allan F. Bullard, Edward Alton, Frank M. Sturgis, Frederick W. Mahl, Jr., and Thomas B. Sawyer for Appellants.

Church, Church & Howard for Respondent.

HANSON, J. pro tem.—Respondent Jamison moves to dismiss the appeal taken by appellants, who below contested the admissibility of the will which was admitted to probate, on the ground that the judgment appealed from is not an appealable order within the meaning of section 1240 of the Probate Code or appealable under any other provision of our statutory law.

Two wills were presented for probate, one dated May 17, 1948, and one dated December 31, 1949. Appellants filed a contest before the probate of either will contending the latter will was invalid. The trial of this contest was held in October, 1950, a jury being waived. Under date of April 25, 1951, the trial court signed findings of fact and conclusions of law to the effect that the will was admissible to probate and a judgment based thereon. The appeal is from this judgment. Under the same date the court signed a separate document designated "Order admitting Will to Probate And For Letters Testamentary." No appeal was taken from this order, which was filed with the clerk, as were the findings and judgment, on April 26, 1951. All these documents were entered on May 1, 1951.

The theory of the moving party is that the judgment is not an order admitting to probate the will of December 31, 1949, in view of its phraseology and, even if it were, that there must be a separate and distinct subsequent "order" after judgment admitting the will to probate and that such an order alone is appealable under the language of Probate Code, section 1240, which reads: "An appeal may be taken to the supreme court from an *order* . . . admitting a will to probate or revoking the probate thereof." (Italics supplied.)

It will be observed, as respondent contends, that the statute as we have quoted it does not say that an appeal may be taken from a "*judgment or order*," but merely that an appeal may be taken from an "order admitting a will to probate or revoking the probate thereof." Nevertheless, for reasons presently to be stated, we are of the view that the word

"order" in the statute must be construed to mean "judgment or order."

Section 1240 of the Probate Code enacted in 1931, it has been stated, time and again, is a substitute for subdivision 3 of section 963 of the Code of Civil Procedure which was repealed at the same time the Probate Code was enacted and that it was not the intent or purpose of the Code Commission in compiling the Probate Code to thereby effect the repeal of any provision of the Code of Civil Procedure or of the Civil Code except such sections as were expressly repealed. (*Estate of Armstrong*, 8 Cal.2d 204 [64 P.2d 1093]; *Estate of Hart*, 92 Cal.App.2d 691, pp. 693-694 [208 P.2d 59].) The view thus expressed is fully substantiated not only by the report of the California Code Commission in submitting the Probate Code to the Legislature for enactment (Appendix to Journals of Senate & Assembly, Cal., Forty-ninth Session, vol. 2) but by section 2 of the Probate Code which reads as follows: "The provisions of this code, so far as they are substantially the same as existing statutes, *must be construed* as continuations thereof, and not as new enactments." (Italics supplied.)

Turning to subdivision 3 of section 963 of the Code of Civil Procedure we find that before its repeal in 1931 it read as follows: "An appeal may be taken from a superior court in the following cases: . . . 3. From a judgment or order granting or refusing to grant . . . letters testamentary; or admitting or refusing to admit a will to probate . . ." Accordingly we think it clearly follows under settled rules of construction (see *Childs* v. *Gross*, 41 Cal.App.2d 680, p. 687 [107 P.2d 424]; *cf. Hunt* v. *Authier*, (dis. op.) 28 Cal.2d 288, 303 [169 P.2d 913, 171 A.L.R. 1379]) that we must construe the word "order" in section 1240 of the Probate Code as reading "judgment or order," and hold that the judgment from which the appeal was taken was appealable under section 1240 of the Probate Code.

We are told, however, that the judgment was not in any event appealable for the reason that where a will is contested the court must first enter a judgment disposing only of the issues raised by the contest and thereafter enter a separate and distinct order either admitting or rejecting the will to probate. No cases are cited to us which so hold. However, when this court at the oral argument questioned the power of the superior court to enter the order it made after the entry of the judgment, counsel stated that such was the well-estab-

lished procedure of the Superior Court of Los Angeles County. What the general practice of the various judges sitting in probate may be is not disclosed by the record but so far as the members of this court know it, it is just the reverse. At all events that the procedure here employed was improper we shall shortly demonstrate.

The procedure which was followed in the instant case was the accepted practice in this state prior to 1862. This was due to the fact that the statutory law of that period expressly required it. In that period the probate court was required to certify will contests to the district court for trial, which court after the trial in turn certified the judgment it rendered to the probate court and the latter court thereupon entered on its own records its own order admitting or rejecting the will basing such order on the judgment certified to it. (*Matter of Estate of Tomlinson,* 35 Cal. 509; *Matter of Will of Bowen,* 34 Cal. 682.)

When in 1879 the Constitution of that year abolished the district, county and probate courts as such and vested the jurisdiction of these courts in one court—the superior court—there was no necessity for a judgment on the contested issues in a will contest and a separate order admitting or denying probate to a will after contest. Indeed no such procedure but the very reverse is contemplated by the statute (Prob. Code, § 373).

The section just mentioned reads as follows: "The jury must return a special verdict upon the issues submitted to them by the court; and upon the verdict, or upon the proof taken if a jury is waived, the court must render judgment, either admitting the will to probate or rejecting it." From the language of this section it is apparent that the judgment rendered on a jury's verdict or upon findings and conclusions of the court shall embody therein a provision expressly "admitting the will to probate or rejecting it." On the other hand where a will proposed for probate is not contested the procedure to be followed is that outlined in sections 329 and 332. The latter section reads as follows: "When the court admits a will to probate it must be recorded in the minutes by the clerk, with the notation 'Admitted to probate (giving date).' If the will is in a foreign language, the court shall certify to a correct translation thereof into English, and such certified translation shall be recorded in lieu of the original." Accordingly, it is self-evident that uncontested wills are to be admitted or rejected by way of "orders" and that contested

wills are to be admitted or rejected, not by orders but by judgments.

It is contended, however, that even if this be true the judgment is insufficient in that it recites merely that the "will is entitled to be admitted to probate as such" and that this is not a recital presently admitting the will to probate. If that be true the will is not yet admitted to probate as the order purporting to admit it to probate is of no validity under the statute. Moreover if the judgment be defective in that aspect it seems that the order is likewise defective in that it recites, "that the document heretofore filed purporting to be his last Will and so alleged to be in said petition, be admitted to probate." We leave the point for consideration upon the hearing on the merits.

The motion to dismiss the appeal is denied.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied December 3, 1951, and respondent's petition for a hearing by the Supreme Court was denied January 10, 1952.