[Civ. No. 18475.   Second Dist., Div. One.   Dec. 27, 1951.]

ELBERT, LTD. (a Corporation), Appellant, v. ARCADIA B. DE GAFFEY et al., Defendants; MICKEY KAPLAN et al., Respondents.

John F. Bender and Gizella M. Allen for Appellant.

Daniel M. Potter and A. Feldman for Respondents.

HANSON, J. pro tem.—The question presented is whether under the "Improvement Act of 1911" (Sts. & Hy. Code, §§ 5000-6794) the assignee of a purchaser at a tax sale of unoccupied property is required under the act not only to post the notice required by section 6550 upon the property but in addition to serve the notice upon the owner of the property, or his agent if he is named in the certificate of sale, as a prerequisite to a conveyance by the county treasurer whose duty it is to act.

The solution of the problem before us turns primarily on the interpretation of the language used in section 6550 and that used in the original statute of which section 6550 is a codification.

Section 6550 of the act set forth in the margin[1] discloses that the assignee "shall . . . serve upon the owner of the

[1]Section 6550. Notice as prerequisite to conveyance. *(Service by purchaser on owner: Time: Contents.)* In order to obtain a deed the purchaser of the property or his assignees shall, 30 days prior to the expiration of the time of redemption, or 30 days before the date of his application for a deed, serve upon the owner of the property purchased, or his agent if he is named in the certificate of sale and upon the party occupying the property, if the property is occupied, a written notice stating:

(a) That the property or a portion of it has been sold to satisfy the bond lien;

(b) The date of sale;

(c) The date, number and series of the bond;

(d) The amount then due, and

(e) The time when the right of redemption will expire, or when the purchaser will apply for a deed.

*(Posting.)* If the property is unoccupied, a similar notice must be posted in a conspicuous place upon the property at least 30 days before the expiration of the time for redemption, or 30 days before the purchaser applies for a deed.

property purchased, or his agent if he is named in the certificate of sale and upon the party occupying the property, if the property is occupied a written notice [detailing its contents]." Limiting ourselves to the language used it is evident that it comprehends "unoccupied" as well as "occupied" property and requires that in either event the notice must be served on the owner of the property or "his agent if he is named in the certificate of sale." In addition the notice must be served on the occupant of the property if there be such occupant. But if there is no such occupant then in such a case "a similar notice" must be posted upon the property. Such posted notice is required not in lieu of but in addition to the notice required to be served upon the owner or his agent named in the certificate if such an agent is therein named.

██ ██ In the case before us the certificate did not recite the name of any person as agent and the notice was not served upon the owner, but it was, however, posted on the premises. Accordingly, it is self-evident that the service of notice was insufficient under the express wording of section 6550.

We are told however that we should construe this section as not requiring service upon the owner (or his agent) where, as here, the owner's name is not set forth in the certificate of purchase, but in lieu thereof the recitation is "Owner unknown." We fail to see any merit in this contention in view of the explicit language of the statute.

It is next contended that the language of section 6550 must be restricted to the language used in section 74 of the "Improvement Act of 1911," as amended in 1921, and interpreted as that language would be interpreted. This contention is based on the claim that the Code Commission was not vested with authority and did not intend when it presented the Streets and Highways Code, which it had compiled for enactment by the Legislature, to amend by any language it used the intent and meaning of any section upon which the compilation was based. This contention is meritorious. We have heretofore so ruled in *Estate of Jamison,* 107 Cal.App.2d 483 [237 P.2d 546], and so need not detail what we there said on the subject. Moreover, the contention is fully supported by section 2 of the Streets and Highways Code reading as follows: "The provisions of this code, in so far as they are substantially the same as existing statutory provisions relating to the same subject matter, shall be construed as restatements and continuations thereof and not as new enactments."

Turning to section 74, which we quote in the margin,[2] it will be observed that the section requires service upon the owner or his agent only when the owner or agent as such is named in the certificate. The present statute (§ 6550) requires in every instance service of notice on the owner whether he is or is not named in the certificate of purchase unless the service is made upon the owner's agent "named in the certificate of sale."

In view of the conclusion we have reached it is unnecessary to consider additional errors assigned by appellant.

■ Respondents' contention made on oral argument before us that the written notice posted on the premises was misleading and insufficient was not raised in the court below and is not presented in the briefs. Accordingly, we do not consider it.

The judgment is reversed with instructions to enter judgment for the plaintiff as prayed in the complaint.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied January 14, 1952.

---

[2]Section 74: ". . . *provided, however,* that the purchaser of the property, or his assignees must, thirty days prior to the expiration of the time of the redemption, or thirty days before his application for a deed, serve upon the owner or agent of the property purchased, if named in such certificate, and upon the party occupying the property, if the property is occupied, a written notice . . . In case of unoccupied property, a similar notice must be posted in a conspicuous place upon the property at least thirty days before the expiration of the time for redemption, or thirty days before the purchaser applies for a deed; . . ."