[L. A. No. 21446.   In Bank.   Mar. 28, 1952.]

BERMITE POWDER COMPANY (a Corporation), Respondent, v. FRANCHISE TAX BOARD, Appellant.

Fred N. Howser and Edmund G. Brown, Attorneys General, James E. Sabine and Irving H. Perluss, Deputy Attorneys General, for Appellant.

Arthur A. Armstrong for Respondent.

EDMONDS, J.—Bermite Powder Company sued to recover interest upon the amount of a tax claim which was allowed. The appeal of the Franchise Tax Board is from a judgment in favor of the taxpayer.

As stated in the stipulation of facts, Bermite paid to the state taxes based upon its income for the years 1943 and 1944. After the renegotiation of its contract with the federal government, Bermite refunded about two-thirds of the amount which it had received during those years. The Franchise Tax Commissioner allowed Bermite's claim for more than $30,000 paid as taxes but rejected its demand for interest upon the ground that the overpayment was due to ''an error or mistake on the part of the taxpayer.'' (Bank and Corporation Franchise Tax Act, § 27[c] ; Stats. 1929, p. 19, as amended; 3 Deering's Gen. Laws, Act 8488.) The complaint in this action was filed about 16 months later.

The Franchise Tax Board, which has succeeded to the duties of the commissioner, now concedes that the ground assigned by him as justifying the denial of interest is untenable. It has stipulated that if the action was timely com-

menced, Bermite is entitled to recover interest on the amount of the claim which was allowed.

The board takes the position that the only authorization permitting maintenance of an action against the state for the interest is section 30(b) of the former Bank and Corporation Franchise Tax Act. (Stats. 1929, p. 19, as amended; 3 Deering's Gen. Laws, Act 8488, § 30[b]; now Rev. & Tax. Code, § 26103a.) It relies upon a provision of that statute which limits to 90 days the commencement of an action "for the recovery of the whole or any part of the amount claimed as an overpayment."

Bermite argues that authorization to maintain the action must be implied from section 15 of article XIII of the Constitution and from the interest provisions of the statute. It construes the word "overpayment" in section 30(b) of the tax act as not including interest. Because the section is not applicable to the recovery of interest, it says, the only pertinent statute of limitations is section 338 of the Code of Civil Procedure, which specifies a limitation of three years in an action on a liability created by statute.

█ In the event that the state receives money to which it is not entitled as payment of a tax, interest may be recovered by the taxpayer on the amount of the payment. There are two provisions of law authorizing suit against the state for that purpose. One of them is section 15 of article XIII of the Constitution, which provides that an action "may be maintained to recover, with interest, in such manner as may be provided by law, any tax claimed to have been illegally collected." The other legislation is a part of the former Bank and Corporation Franchise Tax Act. (Stats. 1929, p. 19, as amended; 3 Deering's Gen. Laws, Act 8488; repealed by Stats. 1949, ch. 557, § 2; now Rev. & Tax. Code, § 50016.)

█ Under the stipulated facts of this case, the constitutional provision is not applicable. It allows the recovery of interest upon "any tax claimed to have been illegally collected." On the basis of Bermite's income, before renegotiation, the tax was computed properly and the state was entitled to the amount which it received. There was no illegal collection of a tax.

Section 27 of the original tax act read: "Interest on refunds shall be allowed and paid at the rate of six per centum per annum from the date of the overpayment to a date preceding the date of the refund warrant by not more than thirty days, such date to be determined by the commissioner."

(Stats. 1929, p. 31; Stats. 1931, p. 69.) Subsequent enactments continued the declaration of the right to interest on overpayments in the following language: "Interest shall be allowed and paid upon any overpayment of any tax, if the overpayment was not made because of an error or mistake on the part of the taxpayer, at the rate of six per centum per annum. . . ." (Stats. 1933, p. 702; Stats. 1935, p. 978; Stats. 1937, p. 2343; Stats. 1939, p. 2966; Stats. 1943, p. 1457; Stats. 1947, p. 2863.)

"Within 90 days after the mailing of the notice of the commissioner's action upon any refund claim . . . the taxpayer may bring an action against the commissioner on the grounds set forth in such claim for the recovery of the whole or any part of the amount claimed as an overpayment." (3 Deering's Gen. Laws, Act 8488, § 30[b]; now Rev. & Tax. Code, § 26103a.)

"In any judgment of any court rendered for any overpayment in respect of any tax imposed by this act, interest shall be allowed at the rate of 6 per centum per annum upon the amount of the overpayment. . . ." (3 Deering's Gen. Laws, Act 8488, § 30[f]; now Rev. & Tax. Code, § 26107.)

As a prerequisite to suit to recover the overpayment, Bermite filed a claim for refund. The claim was allowed without the necessity for filing suit, as authorized by section 30[b] of the act, but without interest. Unquestionably, had the claim been denied, Bermite's time to sue would have been limited to 90 days after the mailing of notice of the commissioner's action upon the refund claim. (§ 30[b].)

■ Under fundamental legal principles, a statute may not be construed as creating a right without a remedy. (Civ. Code, § 3523.) ■ The tax act clearly indicates the intention of the Legislature to allow a taxpayer to recover the amount of an overpayment, with interest, and to maintain an action against the state for that purpose. The right is established in section 27 (3 Deering's Gen. Laws, Act 8488, § 27[c]; now Rev. & Tax. Code, § 26080), the remedy in section 30. (3 Deering's Gen. Laws, Act 8488, § 30[b]; now Rev. & Tax. Code, § 26103a.) "In the construction of a statute the intention of the legislature . . . is to be pursued, if possible." (Code Civ. Proc., § 1859.) Also, "where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." (Code Civ. Proc., § 1858.)

■ Section 30, by its terms, authorizes a suit for recovery of an overpayment, with interest. The only logical construction of the act which gives effect to its several provisions and to the obvious intention of the Legislature, is that it also contemplates suit for recovery of interest alone where refund of an overpayment has been allowed. Any other conclusion would reduce the statute to absurdity. Throughout, the act recognizes that interest shall be paid upon overpayments, with certain exceptions not here applicable.

It is not logical to say that the taxpayer could sue to recover an overpayment, with interest; but that he cannot recover the interest which was wrongfully denied when the overpayment was refunded. It is equally illogical to say that the taxpayer must sue for recovery of the overpayment within 90 days, but that he may sue for the interest upon that overpayment any time within three years.

The statute authorizes the recovery of an overpayment, with interest. It must, therefore, be read as allowing an action for recovery of the interest upon an overpayment. This construction does not inseparably include interest as a part of the overpayment.

■ That section 30[b] originally was intended to apply to an action to recover interest is further indicated by the 1949 amendment to section 27. (Stats. 1949, p. 1562.) That amendment was adopted after the commencement of this action. Under such circumstances, a legislative intent to clarify rather than to change the existing law may be inferred. (*Coca-Cola Co.* v. *State Board of Equalization,* 25 Cal.2d 918, 923 [156 P.2d 1]; *Standard Oil Co.* v. *Johnson,* 24 Cal.2d 40, 48 [147 P.2d 577]; *Union League Club* v. *Johnson,* 18 Cal. 2d 275, 279 [115 P.2d 425].)

■ For these reasons, section 30[b] provides the only statutory authorization for suit. When Bermite did not comply with the statutory time limitation, it lost the right to maintain this action.

The judgment is reversed with directions to the superior court to enter a judgment for the Franchise Tax Board.

Gibson, C. J., Carter, J., Traynor, J., and Spence, J., concurred.

SHENK, J.—I dissent. I cannot subscribe to a result which denies a concededly proper claim for interest on an overpayment by the misapplication of a subsequently en-

acted statute. As the majority opinion states, the amendment which included the interest claim as well as the overpayment within the 90-day limitation was not adopted until after the commencement of the action. There is not only no asserted "absurdity" but on the contrary there is reason and justice in applying a statute of limitations upholding the taxpayer's action on an admitted claim to interest where otherwise there is no statutory limitation which expressly bars it. In my opinion there was no applicable statute except the general statute (Code Civ. Proc., § 338, subd. 1). The action was commenced well within the time there specified. The subsequently enacted amendment (Stats. 1949, p. 1560) was not a clarification statute. Its purpose was to include the claim for interest as well as the claim for the overpayment within the 90-day limitation. By the application of the "clarification" *ipse dixit* the plaintiff's previously existing cause of action is destroyed. No valid warrant in the law is advanced to achieve that result.

Here the claim for the overpayment was allowed and the amount thereof refunded. Only the claim for interest is involved. Unquestionably the Legislature established the right to the interest and provided the necessary consent to sue therefor. Section 27 of the original act was as follows: "Interest on refunds shall be allowed and paid at the rate of six per centum per annum from the date of the overpayment to a date preceding the date of the refund warrant by not more than thirty days, such date to be determined by the commissioner." (Stats. 1929, p. 31; Stats. 1931, p. 69.) Subsequent enactments continued the declaration of the right to interest on overpayments in the following language: "Interest shall be allowed and paid upon any overpayment of any tax, if the overpayment was not made because of an error or mistake on the part of the taxpayer, at the rate of six per centum per annum. . . ." (Stats. 1937, p. 2343; Stats. 1939, p. 2966; Stats. 1943, p. 1457; Stats. 1947, p. 2863; Stats. 1949, p. 1561.) Concededly the overpayment was not because of an error or mistake of the taxpayer and the claimant is entitled to sue and to prevail in this case unless prevented by an applicable statute of limitations.

Section 30(b) of the act provided in its pertinent part: "Within 90 days after the mailing of the notice of the commissioner's action upon any refund claim . . . the taxpayer

may bring an action against the commissioner on the grounds set forth in such claim for the recovery of the whole or any part of the amount claimed as an overpayment."

The defendant's contention invoking the 90-day limitation is necessarily based on the assumption that section 30(b) contains the only consent by the state to be sued for recovery of the interest. That section unquestionably contains authority to sue for the recovery of "the whole or any part of the amount claimed as an overpayment." It is only by a process of construction inseparably including interest as a part of the "overpayment" that the defendant's contention can have any merit whatsoever. The contention should not be sustained for the reason that the interest constitutes a sum of money that was never paid and could in no proper sense be deemed an overpayment under the circumstances here presented. The commissioner at no time considered it a part of the overpayment. He treated it as a claim requiring separate consideration and action quite apart from the money actually paid.

In 1949 the Legislature recognized that the 90-day limitation of section 30(b) did not theretofore apply to actions to recover interest by amending section 27 of the act to make the 90-day limitation applicable also to the action of the commissioner in "disallowing interest upon any refund claim." The purpose and effect of that amendment was to remove actions such as this from the operation of the general limitation statute and bring them within its special provision. The result of the misapplication of the statute is to defeat a concededly meritorious cause of action. I would affirm the judgment.

Schauer, J., concurred.