[L. A. No. 22222. In Bank. Aug. 14, 1953.]

ELBERT, LTD. (a Corporation), Respondent, v. JOSEPH M. GROSS, Appellant.

Myron J. Glauber, Alfred L. Armstrong and Maurice J. Hindin for Appellant.

John F. Bender and Gizella M. Allen for Respondent.

EDMONDS, J.—Elbert, Ltd., a corporation, sued to obtain a partition of certain real property. The appeal of Joseph M. Gross from a judgment in favor of Elbert presents for decision questions as to the validity of a tax deed.

The real property in controversy is an unimproved lot situated in the city of Los Angeles. In 1925, a street improvement bond was issued under the provisions of the Improvement Act of 1911. (Stats. 1911, p. 730; 3 Deering's Gen. Laws, 1937, Act 8199; now Sts. & Hy. Code, div. 7, §§ 5000-6794.) The bond was foreclosed in 1946 and the property sold to one Sipe, who assigned his certificate of sale to the corporation. This certificate stated that the owner of the lot was "unknown."

In 1945, the State of California conveyed the land to Gross by a deed based upon the nonpayment of taxes. Gross also holds a certificate of sale from the city treasurer issued to him pursuant to the foreclosure of a street improvement bond dated in 1928.

After the expiration of the time within which the lot could have been redeemed from the sale in connection with the foreclosure of the 1925 bond, the city treasurer conveyed the lot to Elbert. At that time, Gross was the record owner of the property, and it has been stipulated that he was not served with notice of the corporation's application for a deed.

The present action for partition is based upon the theory that under the parity principle (*Monheit* v. *Cigna*, 28 Cal.2d 19 [168 P.2d 965, 167 A.L.R. 995]; *Elbert, Ltd.* v. *Nolan*, 32 Cal.2d 610 [197 P.2d 537]; *Stafford* v. *Realty Bond Service Corp.*, 39 Cal.2d 797 [249 P.2d 241]), Elbert and Gross are coowners of the lot. Gross answered the complaint, denying the validity of the deed to Elbert and seeking by cross-complaint to quiet his title against the claims of the corporation. In the alternative, he sought an equitable lien against the proceeds of a partition sale for the amount of certain real property taxes and expenses paid by him in connection with the property.

By its judgment, the trial court declared that Gross and

the corporation, as tenants in common, each own an undivided one-half interest in the lot. It directed a sale of the property and a division of the proceeds, after expenses of sale, allowing each party an equitable lien for certain claimed expenditures. The court also ordered that the certificate of sale held by Gross be canceled.

As grounds for reversal of the judgment, Gross contends that the corporation's failure to give notice to the record owner of its application for a deed of sale from the city treasurer rendered such deed invalid, and he claims the right to redeem the land. He also argues that the judgment erroneously failed to allow him a lien against the proceeds of the partition sale for the amount of the indebtedness stated by the certificate of sale to be due and unpaid upon the foreclosure of the 1928 bond. Finally, he takes the position that Elbert's complaint is defective in that not all the parties having an interest in the property are joined in the action.

The corporation asserts that Gross' right to object to the validity of the treasurer's deed now is barred by the statute of limitations. The lien arising from the foreclosure of the 1928 bond, it declares, was extinguished by the failure of Gross either to redeem the land or to purchase the prior lien upon foreclosure of the 1925 bond.

At the time this action was commenced, section 6550 of the Streets and Highways Code read in part as follows: "In order to obtain a deed the purchaser of the property or his assignees shall, 30 days prior to the expiration of the time of redemption, or 30 days before the date of his application for a deed, serve upon the owner of the property purchased, or his agent if he is named in the certificate of sale and upon the party occupying the property, if the property is occupied, a written notice. . . . If the property is unoccupied, a similar notice must be posted in a conspicuous place upon the property. . . ."

The corporation contends that such notice need be given only if the owner is named in the certificate of sale. Its position is that the clause, "if he is named in the certificate of sale," modifies both "owner" and "agent." However, the clause and the word "agent" both appear in the same part of the sentence and are separated from the word "owner" by a comma. The evident purpose of such punctuation is to limit the qualifying clause to "agent." Giving support to this conclusion is the established rule that "a limiting clause is to be confined to the last antecedent, unless the con-

text or the evident meaning of the statute requires a different construction." (*County of Los Angeles* v. *Graves,* 210 Cal. 21, 26 [290 P. 444]; *Hopkins* v. *Anderson,* 218 Cal. 62, 65 [21 P.2d 560].)

 So construed, in its original form, section 6550 required notice to be served upon the owner of the property, unless the name of his agent appeared in the certificate of sale, in which case, service might have been made upon the agent instead of the owner. It is significant that when the section was amended in 1950 (Stats. 1950, 1st Ex. Sess., p. 515), and the word "agent" omitted, the Legislature also deleted the clause "if he is named in the certificate of sale."

The corporation relies upon *Elbert, Ltd.* v. *de Gaffey,* 108 Cal.App.2d 388 [238 P.2d 1044], in which a contrary rule was stated. That decision was based upon the wording of section 74* of the Improvement Act of 1911 (Stats. 1911, p. 730; as amended by Stats. 1921, p. 292), the statutory predecessor of section 6550 of the Streets and Highways Code. Section 74 required notice to be served upon "the owner or agent of the property purchased, if named in the certificate. . . ." The court construed the Streets and Highways Code as making no requirement for notice unless the name of the owner or his agent appeared in the certificate of sale. Although recognizing the clear import of section 6550, the court felt constrained to interpret the statute according to its construction of the predecessor section because the Code Commission was not vested with authority to, nor did it intend to, amend the Improvement Act.

From the wording of section 74 it could not be said with certainty whether the clause, "if named in the certificate," qualified owner, agent, or both. Section 6550, in its original and in its present form, makes clear the inapplicability of the qualifying clause to the word "owner." Under such circumstances, a legislative intent to clarify the existing law may be inferred. (*Bermite Powder Co.* v. *Franchise Tax Board,* 38 Cal.2d 700, 704 [242 P.2d 9]; *Coca-Cola Co.* v. *State Board of Equalization,* 25 Cal.2d 918, 923 [156 P.2d 1]; *Standard Oil Co.* v. *Johnson,* 24 Cal.2d 40, 48 [147 P.2d 577];

---

*Originally and upon the first amendment to the act, this section appeared as section 75. (Stats. 1911, pp. 730, 762; Stats. 1915, pp. 1464, 1476.) Thereafter, it appeared as section 74. (Stats, 1921, pp. 292, 296.) Unless otherwise indicated, reference is to sections as numbered immediately prior to codification.

*Union League Club* v. *Johnson,* 18 Cal.2d 275, 279 [115 P.2d 425].)

The Legislature may amend existing laws by enacting codifications which substantially change the phraseology or punctuation of prior statutes. (*In re Trombley,* 31 Cal.2d 801, 806 [193 P.2d 934]; *Scott* v. *McPheeters,* 33 Cal.App.2d 629, 633 [92 P.2d 678, 93 P.2d 562].) ■ Section 2 of the Streets and Highways Code provides: "The provisions of this code, in so far as they are substantially the same as existing statutory provisions relating to the same subject matter, shall be construed as restatements and continuations thereof and not as new enactments." The phrase, "in so far as they are substantially the same as existing statutory provisions," indicates that some changes were contemplated. [4b] The reasonable conclusion is that the legislative change in wording of section 6550 of the Streets and Highways Code from its predecessor section was to make it clear that the clause, "if he is named in the certificate of sale," has reference only to "agent." The holding of the de Gaffey case to the contrary is disapproved.

■ Elbert also urges that section 6550 should be interpreted as dispensing with personal service upon the owner if, as in the present case, the property is unoccupied. It construes the qualifying clause, "if the property is occupied," as applying to both "owner" and "party occupying the property." So read, if the property were occupied, the section would require service of notice upon both the owner and occupant, but, if unoccupied land were to be conveyed, it would be sufficient if notice were posted.

No sound reason is suggested for making the owner's right to notice dependent upon occupancy. Furthermore, such interpretation of the section is contrary to the rule of statutory construction that a limiting clause should be confined to the last antecedent. (*County of Los Angeles* v. *Graves, supra; Hopkins* v. *Anderson, supra.*) The more reasonable conclusion is that the clause refers only to the occupant. So construed, it performs the very obvious function of eliminating the requirement of serving notice upon "the party occupying the property" when it is unoccupied. In that case, notice may be posted upon the property. Thus the section insures that notice will be given both to the owner and to the person in possession or who may thereafter come into possession.

■ Although, if presented in a timely proceeding Elbert's failure to give notice might have invalidated the deed, Gross

now is barred from asserting such defect. The present action was commenced more than 18 months after the city treasurer executed and delivered his deed to Elbert. Section 6571 of the Streets and Highways Code provides: "Any action, suit or proceeding attacking or contesting the validity of any deed issued under the provisions of this division, or the validity of the proceedings subsequent to the issuance of the certificate of sale, must be brought within six months after the issuance of the deed, and if the validity of the deed or of the proceedings is not contested within that six months' period, it shall not be thereafter contested or questioned in any action, suit or proceeding."

■ Gross asserts that section 6571 is available only as a defense to an action brought directly to challenge the validity of the deed. A complete answer to this contention is the explicit language of the section, that the deed "shall not be thereafter contested or questioned in *any* action, suit or proceeding." (Emphasis added.)

■ Another argument is that section 6551 of the same code extends the right of redemption indefinitely, and that, unless it be deemed an exception to section 6571, they are irreconcilable. Section 6551 of the Streets and Highways Code declares: "The owner of the property shall have the right of redemption indefinitely, until such notice is given and the deed applied for, upon the payment of the fees, penalties and costs as required."

There is no conflict when these sections are read in the context of their statutory predecessors. Originally, section 6551 was part of section 74 of the Improvement Act, which dealt exclusively with proceedings prior to the issuance of a deed. More specifically, it concerned the procedure by which the holder of a certificate of sale might secure a deed to the property after the period of redemption had expired. The part of section 74 from which section 6551 of the Streets and Highways Code was taken made clear the legislative intent that the expiration of the period of redemption was not sufficient of itself to extinguish the owner's right to redeem, but rather, that such result might be accomplished only by the purchaser's application for a deed. (*Cf.* Sts. & Hy. Code, § 6530.)

The provisions relating to the effect to be given the issuance of a deed were found in section 75 of the act. The first paragraph of that section made the deed primary evidence of the regularity of all prior proceedings. (Now Sts.

& Hy. Code, § 6555.) In the third paragraph of the same section, under the marginal note "Limitation of actions," appeared the language which was carried into section 6571. Had the Legislature intended to create an exception to the statute of limitations, the more logical place to do so would have been in section 75, rather than in section 74, of the act. Instead, it made those sections separate and distinct enactments, each concerned with a different subject matter. No reasonable basis appears for presuming a different intent upon codification of the act.

Moreover, if section 6571 were interpreted in the manner urged by Gross, portions of it would become meaningless. Unless the deed is challenged within the statutory period, "the validity of the proceedings subsequent to the issuance of the certificate of sale" cannot be questioned. But the only actions which the purchaser must take are the filing of his affidavit of notice and application for a deed. (Sts. & Hy. Code, §§ 6550, 6552, 6554.)

Gross argues, however, that unless a proper notice has been given, the city treasurer is without jurisdiction to issue a deed. To give a deed conclusive effect under such circumstance, he asserts, is to deprive him of his property without due process of law.

The constitutional question was considered in *Saranac Land & Timber Co.* v. *Comptroller of New York*, 177 U.S. 318 [20 S.Ct. 642, 44 L.Ed. 786]. It was held that a statute of limitations properly may conclude the property owner's right of redemption despite so-called "jurisdictional defects" provided he be given a reasonable time in which to enforce his rights. Whether a failure to give notice would be deemed a bar to the operation of the statute was to be determined according to applicable state law.

The same problem was presented in *Tannhauser* v. *Adams*, 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015]. In that case there was a failure to give to the record owner proper notice of the purchaser's application for a deed. But the purchaser had been in possession of the property from the time the tax deed to him was issued. After a review of the decisions in this state and in other jurisdictions, it was said, "Regardless of what may be the law under other circumstances, it appears to us that there is no sound reason why the right of one out of possession to attack a tax title for the defect here relied upon, whether it be considered jurisdictional or otherwise, should not be barred if his action is not instituted within the pre-

scribed statutory period, provided that such period is a reasonable one. In *Miller & Lux, Inc.* v. *Secara,* 193 Cal. 755, 765 [227 P. 171], this court declared that although 'a total lack of jurisdiction due to absence of notice sufficient to constitute due process of law cannot be cured by a curative act or by a curative provision in the statute, . . . we can see no reason why such a defect may not be cured, in effect, by a statute of limitations, provided the latter is not unreasonable and is therefore valid.' '' (P. 176.) In reaching this conclusion, the court recognized that a contrary rule prevailed in other jurisdictions where an owner had been in continuous and undisturbed possession from a time prior to the period of limitation.

More recently, this court stated: ''As the discussion in the Tannhauser case indicates, the rule of inapplicability of statutory limitation has been said to apply as to owners who because of their possession could not be assumed to have actual knowledge of claims of adverse interest by persons not in possession. As the discussion also shows, that rule, borrowed from cases involving mortgages, trusts and the like, has been applied in some jurisdictions where the original owner of land sold to the state remains in undisturbed possession. In the Tannhauser case the plaintiff, the original tax-delinquent owner, was out of possession and was held to be at no greater disadvantage than other litigants who by reason of their lack of promptness in asserting their claims find themselves either without remedy or without right.'' (*McCaslin* v. *Hamblen,* 37 Cal.2d 196, 199 [231 P.2d 1].)

In the McCaslin case, the plaintiffs acquired the property after issuance of the tax deed and after the limitation period had commenced to run. It was held that they could not qualify as owners in undisturbed possession, having received constructive notice of the outstanding tax deed and the rights acquired pursuant to it, as well as actual notice of the defendants' hostile claims. As an alternative ground for the decision, the court stated: ''Furthermore, it has been held that, whatever might be the rights of an owner in possession, the rule has no application in cases of unimproved and unoccupied land where the only possession is that which is presumed from the fact of conveyance.'' (P. 199.)

It is undisputed that the property here concerned is unoccupied and unimproved. Accordingly, despite Elbert's failure to give proper notice of its application for a deed, Gross may not question the deed's validity. The corporation's

timely objection to the introduction of evidence concerning such defect was properly sustained.

In addition to giving to the grantee absolute title to the land, the treasurer's deed conveyed the property "free of all encumbrances, except for State, county and municipal taxes." (Sts. & Hy. Code, § 6555.) The lien of the certificate of sale held by Gross, being in the nature of a lien for a special assessment, was therefore extinguished.

There is no merit in the contention that the complaint is defective because all necessary parties were not joined. Gross does not name any necessary party who was not sued, nor did he demur to the complaint or otherwise present any objection on this ground in the trial court.

The judgment is affirmed.

Gibson, C. J., Carter, J., Traynor, J., and Spence, J., concurred.

SHENK, J.—I dissent. This case deals with the effect of a treasurer's deed issued to satisfy a delinquent street assessment where the owner of the land, the defendant in this case, received no notice whatsoever of the application for the deed as required by section 6550 of the Streets and Highways Code. The majority opinion correctly holds that the defendant was entitled to the written notice required by that section but it also holds that he was cut off from all defenses by the statute of limitations. If an action to invalidate the deed had been brought within the time limit provided for in sections 6571 of the Streets and Highways Code (within six months after the issuance of the deed) it would undoubtedly have been successful because of lack of statutory notice.

The question is whether a statute of limitations can cut off the right of a property owner to contest a treasurer's deed under the undisputed facts of this case. The defendant was the record owner of the property and entitled under the statute to 30 days' written notice of the application for the deed. Within that 30-day period he had the right to redeem; and unless and until the notice was given the right to redeem was extended indefinitely. He received no notice whatsoever of the application for the deed. The plaintiff was the owner of the certificate of sale and entitled to institute proceedings to obtain a deed. The statute imposed upon the plaintiff the duty to give the defendant the written notice. It did not do so. It intentionally withheld it and obtained the deed without

complying with the statute. It now invokes the statute of limitations to cut off all defenses on behalf of the defendant.

"The essential elements of due process of law are notice and opportunity to defend." (*Simon* v. *Craft*, 182 U.S. 427 [21 S.Ct. 836, 45 L.Ed. 1165].) More recently the United States Supreme Court has restated the obvious: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to . . . afford them [interested parties] an opportunity to present their objections. [Citation.]" (*Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-315 [70 S.Ct. 652, 94 L.Ed. 865].)

In the present case the statute required the giving of notice by the party now relying on the statute of limitations, and that notice was not given. Extensive research fails to disclose a case in which a statute of limitations has been allowed to run against a right where the assertion of that right depended on notice from a private party invoking the statute and that notice was not given. The cases proceed on the theory that there must be actual, statutory, or constructive notice. Here there was none and the time did not commence to run by virtue of any provision of law from which notice could be inferred or implied. The periods provided by statute within which redemption might be made and the time within which objections to the deed might be interposed are here held to have expired when that result could be brought about only through the arbitrary discretion and wrongful act of the holder of the certificate of sale in withholding the required notice. The plaintiff's noncompliance with the statute and its intentional withholding of notice have resulted in depriving the defendant of his property without due process of law. I would hold that the tax deed proceedings were void for lack of due process and that the period of redemption has not expired. The judgment should be reversed.

Schauer, J., concurred.

Appellant's petition for a rehearing was denied September 10, 1953. Shenk, J., Carter, J., and Schauer, J., were of the opinion that the petition should be granted.