[Civ. No. 9865.   Third Dist.   July 14, 1960.]

S. P. MacLAREN, Respondent, v. ELEANOR REEDY, Appellant.

Jack Coffey for Appellant.

Robert E. Rosskopf for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment decreeing the foreclosure of the liens of certain street improvement bonds.

The present action was brought pursuant to section 6610 of the Streets and Highways Code, which provides that:

"As a separate, distinct and cumulative remedy, the holder of any bond upon which any payment either upon the principal or of the interest has become delinquent may, if the city which initiated the proceedings is not a county, at any time after three months after the date it is provided by ordinance or charter of the city that taxes are due, or if a county initiated the proceedings or collects the taxes for the city at any time after four months next succeeding the fourth Monday of September, following the date of delinquency of principal or interest and prior to the expiration of four years after the due date of the last installment upon any bond or of the last

principal coupon attached thereto, file and maintain an action to foreclose the lien of the bond and recover the amount due thereon.''

■ No personal demand for payment of the delinquent amount due herein was made upon appellant who is the owner of the property involved. She contends that a personal demand for payment is a condition precedent to the bringing of a foreclosure action. That contention is grounded on section 6611 of the Streets and Highways Code, which, prior to the 1959 amendment, provided in part as follows:

''The action may be brought at any time following the expiration of 30 days after the service of personal demand for payment upon the owner of the premises. Such demand shall be served in the manner provided by law for making personal service of summons. . . .''

The contention that personal demand for payment is a prerequisite to the commencement of an action under section 6610 is refuted by the provision in section 6613 that ''If personal demand for payment is made the complaint shall so allege'' and the provision in section 6614 that ''If personal demand for payment was made, proof of personal service of the demand shall be required.'' Those provisions clearly indicate that personal demand for payment is not necessary.

■ We conclude that sections 6610 and 6611 prescribe alternative times for the commencement of an action to foreclose the lien of an improvement bond. That conclusion is fortified by the fact that the provisions of sections 6610 and 6611 were prior to codification in 1941 contained in section 76a of the Improvement Act of 1911, as amended (Stats. 1929, ch. 718, p. 1306), which read in part as follows:

''In the event of the nonpayment of any installment of the interest or principal and by way of a separate, distinct and cumulative remedy, the holder of any bond upon which any payment either upon the principal or of the interest has become delinquent may, at any time after three months after the date it is provided by ordinance or charter of said city that taxes are due, or in case taxes are collected by the county for the city at any time after four (4) months next succeeding the fourth Monday of September, following the date of delinquency of principal or interest and prior to the expiration of four (4) years after the due date of the last installment upon any bond or of the last principal coupon attached thereto, file and maintain a suit to foreclose the lien of the bond and recover the amount due thereon; *provided, however,* that suit may be brought at any time following the expiration of thirty

(30) days after the service of personal demand for payment as herein provided upon the owner of the premises. . . .''

The Supreme Court stated in *In re Trombley,* 31 Cal.2d 801, 806 [193 P.2d 734] : ''Ordinarily, a mere change in phraseology or punctuation in the codification of an existing law will not be construed to have changed its meaning since the principal objects of the code commission in revising the statutes are to restate and clarify existing law and to correct inadvertent errors.'' (See also *Childs* v. *Gross,* 41 Cal.App.2d 680, 687-688 [107 P.2d 424].)

It is significant that the Legislature in 1959 inserted the word ''also'' in section 6611, so that it now reads: ''The action may be brought *also* at any time following the expiration of 30 days after the service of personal demand for payment upon the owners of the premises.'' A legislative intent to clarify the law may be inferred from that amendment. (*Elbert, Ltd.* v. *Gross,* 41 Cal.2d 322, 327 [260 P.2d 35].) There can now be no doubt that sections 6610 and 6611 prescribe alternative times at which an action to foreclose the lien of an improvement bond may be brought and that personal demand for payment is not a condition precedent to the commencement of an action under section 6610.

The judgment is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.