BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
THE DEPARTMENT OF FORESTRY AND FIRE PROTECTION has requested an opinion on the following question:
May the spouse of a state employee contract to provide goods or services to the employee's department if the employee neither participates in the department's decision to enter into the contract nor engages in the spouse's business?
 CONCLUSION
The spouse of a state employee may contract to provide goods or services to the employee's department if the employee neither participates in the department's decision to enter into the contract nor engages in the spouse's business.
 ANALYSIS
The spouse of an employee of the Department of Forestry and Fire Protection operates a business that makes Smokey Bear fire protection items such as window decals, bicycle water bottles with Smokey Bear messages on them, T-shirts with Smokey Bear messages, and Smokey Bear hats. The employee does not participate in her spouse's business. The question presented for resolution is whether the spouse may sell these items to the department for use in promoting its fire protection activities if the employee does not participate in the department's decision to enter into the sales contract. We conclude that the spouse may do so.
The statute requiring our analysis is Public Contract Code section10410,[1] which is applicable to all state employees. Section 10410 provides:
 "No officer or employee in the state civil service or other appointed state official shall engage in any employment, activity, or enterprise from which the officer or employee receives compensation or in which the officer or employee has a financial interest and which is sponsored or funded, or sponsored and funded, by any state agency or department through or by a state contract unless the employment, activity, or enterprise is required as a condition of the officer's or employee's regular state employment. No officer or employee in the state civil service shall contract on his or her own individual behalf as an independent contractor with any state agency to provide services or goods."
In construing the language of section 10410, we may rely upon well recognized principles of statutory interpretation. "When construing a statute, we must `ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citations.]" (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977.) We begin "with the words of the statute because they generally provide the most reliable indicator of legislative intent." (Hsu v. Abbara (1995) 9 Cal.4th 863, 871.) "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.]" (Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735.) "Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining legislative intent." (Kerollis v. Department of Motor Vehicles (1999)75 Cal.App.4th 1299, 1305.)
Here, we are given that the state employee does not engage in her spouse's business. Accordingly, she does not "engage in any employment, activity, or enterprise" within the meaning of or for the purposes of section 10410. We thus need not consider whether the employee would receive compensation from the sales contract or have a financial interest in the spouse's business.[2]
Moreover, the state employee would not be contracting with her department "on his or her own individual behalf as an independent contractor" as further specified and proscribed in section10410. The statute prohibits certain activities of a state employee, but is plainly inapplicable to the activities of a spouse of a state employee.
A common-sense and ordinary reading of the language of section10410 thus provides the answer to the question presented. We additionally note that the legislative history of the statute (Stats. 1984, ch. 154, § 12; Stats. 1983, ch. 1231, § 4; Stats. 1982, ch. 1208, § 2) fully supports construing the statutory language by giving the words their usual and ordinary import. We have found no evidence in the committee reports, or elsewhere, of a legislative intent to include the contracts of spouses of state employees within the scope and coverage of section 10410.
One other statute requires our consideration.[3] Subdivision (g) of section 10430 exempts the activities of spouses of state officers and employees from the restrictions of section 10410
in the following circumstances:
 "Spouses of state officers or employees and individuals and entities that employ spouses of state officers and employees, that are vendored to provide services to regional center clients pursuant to section 4648 of the Welfare and Institutions Code if the vendor of services, in that capacity, does not receive any material financial benefit, distinguishable from the benefit to the public generally, from any governmental decision made by the state officer or employee."
We reject the notion that this subdivision implicitly prohibits all contracts of a state employee's spouse not expressly identified in the subdivision. We have examined the legislative history of section10430, particularly with respect to its 1991 amendment (Stats. 1991, ch. 382, § 2) that added subdivision (g). It is clear that the 1991 amendment was intended to nullify an erroneous understanding of section 10410 rather than create a new exemption. During the legislative process, the purpose of subdivision (g) was described as follows:
 "The portion of the bill dealing with regional center contracts is designed to correct an interpretation of conflict-of-interest provisions that prohibits a vendor from contracting with the state to provide services to regional centers if the vendor employs the spouse of a state employee or officer." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1402 (1991-1992 Reg. Sess.) as amended May 15, 1991, p. 2.)
Accordingly, subdivision (g) was not intended to change the law, but rather was intended as a limited clarification of section 10410. (See, e.g., People v. Aston (1985) 39 Cal.3d 481, 494; Standard Oil Co. v. Johnson (1944) 24 Cal.2d 40, 48-49; Union League Club v. Johnson (1941) 18 Cal.2d 275, 278-279.)
Finally, it should be noted that if the state employee is a "designated employee" (Gov. Code, § 82019, subd. (c)), any income received from her spouse's contract with the department for the Smokey Bear products of $500 or more must be reported on her annual statement of economic interests as required under the Political Reform Act of 1974 (see Gov. Code, §§ 82030, 87302; Cal. Code Regs., tit. 2, § 2:18730, subd. 7(B)(1)).
Section 10410 is directed at the contractual activities of state officers and employees, not their spouses. We conclude that the spouse of a state employee may contract to provide goods or services to the employee's department if the employee neither participates in the department's decision to enter into the contract nor participates in the spouse's business.
[1] All references hereafter to the Public Contract Code are by section number only.
[2] Under California's community property laws, a spouse may have a financial interest in the other spouse's contracts. (See Thorpe v. Long Beach Community College Dist. (2000) 83 Cal.App.4th 655, 659; 81 Ops.Cal.Atty.Gen. 169, 171-172 (1998); 78 Ops.Cal.Atty.Gen. 230, 237 (1995); 73 Ops.Cal.Atty.Gen. 191, 194-195 (1990); 69 Ops.Cal.Atty.Gen. 102, 106 (1986).)
[3] Since the state employee here would not be participating in the department's decision to contract with her spouse, we need not consider the prohibitions of Government Code section 1090 [prohibiting public employees and officers from being "financially interested in any contract made by them in their official capacity, or by any body or board of which they are members"] or Government Code section 87100 ["No public official . . . shall make, participate in making or in any way attempt to use his official position to influence a governmental decision in which he knows or has reason to known he has a financial interest"].