[L. A. No. 8612. In Bank.—December 31, 1926.]

J. M. MORRIS, Guardian, etc., Respondent, v. STANDARD OIL COMPANY (a Corporation), Appellant.

[1] WORKMEN'S COMPENSATION ACT—EMPLOYER AND EMPLOYEE—INJURY TO EMPLOYEE — PAYMENT OF COMPENSATION BY INSURANCE CARRIER—SUBROGATION.—Under the Workmen's Compensation Act (sec. 30, subd. 2 [f]), when an employer is insured against liability for compensation, and the carrier has paid any compensation for which the employer is liable, or furnished or provided any medical services required by the act, such insurance carrier is subrogated to all the rights of the employer, and may enforce such rights in its own name.

[2] ID.—LIEN OF INSURANCE CARRIER—ASSIGNABILITY.—A lien for the amount of the compensation paid an injured employee by an insurance carrier of the employer, allowed under the provision of section 26 of the Workmen's Compensation Act against a judgment

---

1. See 27 Cal. Jur. 266.

for personal injuries recovered by the employee against the person causing the injuries, is assignable.

[3] ID.—CHOSES IN ACTION—ASSIGNABILITY—SECTION 954, CIVIL CODE. Section 954 of the Civil Code has effected a change in the common-law rule of nonassignability of choses in action, and one arising either out of violation of a right of property or out of an obligation or contract may now be transferred.

[4] ID.—COMPENSATION TO EMPLOYEE—REIMBURSEMENT OF EMPLOYER OR INSURANCE CARRIER—NATURE OF CAUSE OF ACTION.—A cause of action for reimbursement of an employer, or its subrogated insurance carrier, for the amount of disability indemnity paid an employee, is not one arising in favor of the employee by reason of his injuries, but out of the obligation imposed by the Workmen's Compensation Act on the party who caused the injury to the employee, and is a property injury to the employer.

[5] ID.—STATUTE OF LIMITATIONS—STATUTORY LIABILITY—TIME.—Such a cause of action being based upon a liability created by statute may be commenced within three years from the time the insurance carrier paid the disability indemnity to the injured employee.

(1) Workmen's Compensation Acts, C. J., p. 141, n. 8.     (2) Workmen's Compensation Acts, C. J., p. 141, n. 8.     (3) 5 C. J., p. 885, n. 56, p. 889, n. 75.     (4) 5 C. J., p. 887, n. 64.     (5) 37 C. J., p. 783, n. 95.

APPEAL from a judgment of the Superior Court of Imperial County. M. W. Conkling, Judge. Affirmed.

The facts are stated in the opinion of the court.

Geo. H. Moore and Dorsey Whitelaw for Appellant.

A. L. Hubbell for Respondent.

WASTE, C. J.—The main question to be determined on this appeal is whether or not a lien for the amount of the compensation paid an injured employee by the insurance carrier of the employer, and allowed under the provision of section 26 of the Workmen's Compensation Act [Stats. 1917, p. 854], against a judgment for personal injuries recovered by the employee against the person causing the injuries, is assignable.

4.  See 3 Cal. Jur. 240.

Milton Morris, a minor, the plaintiff, was run over by a truck operated by the defendant, Standard Oil Company, and seriously injured while in the course of his employment by the Chronicle Publishing Company of Calexico. He brought an action against the Oil Company for damages for personal injuries, and, after two appeals to this court, he was awarded the sum of $12,000. (*Morris* v. *Standard Oil Co.*, 188 Cal. 468 [205 Pac. 1073]; *Ibid*, 192 Cal. 343 [30 A. L. R. 1103, 219 Pac. 998].) The action was defended by the Ocean Accident and Guaranty Corporation, Limited, of London, England, which company was the insurance carrier of both the Oil Company and the minor's employer, the Chronicle Publishing Company. As compensation carrier for the employer, it supplied the injured boy with medical and hospital care, and paid to him disability indemnity during the existence of the disability arising from the injury, but refused to inform the employee of the items or the amounts expended for medical and hospital care. Consequently those expenditures were not given consideration in the action brought by the minor against the Oil Company. During the pendency of the second appeal in that action, the Industrial Accident Commission made an award to the injured employee, fixing the amount of compensation to be paid by the insurance carrier of the employer at the sum of $800.64, which amount the insurance company paid.

Neither the employer of the boy nor its insurance carrier joined, or was joined, in the action for damages brought by him against the Oil Company, and neither instituted an independent action against that company because of the injury. The Ocean Accident and Guaranty Corporation, as such insurance carrier, having paid the employee compensation for which his employer was liable, was subrogated to all rights of the employer, and was entitled to enforce such rights in its own name. (Workmen's Compensation Act, sec. 30, subd. 2 [f].) It therefore petitioned for a lien against the judgment obtained by the employee against the Oil Company for the amount paid by it as compensation and the additional sum paid for medical and hospital treatment. The application was denied as to the latter items, but the insurance carrier was allowed a lien against the judgment for the sum of $800.64, paid as compensation,

upon the condition that it assigns to the employee any and all claims, demands, or causes of action it might have against the Oil Company for the amounts paid by it to the employee. No appeal was taken from this order allowing a conditional lien. The Oil Company, not having reimbursed the insurance company for the disability indemnity paid the employee, it complied with the order of the court and duly assigned its claim to him.

Thereafter, and while the second appeal in the action for damages hereinabove noted (192 Cal. 343 [30 A. L. R. 1103, 219 Pac. 998]) was pending, the parties entered into negotiations for settlement of the judgment there in question. As a result, a settlement was had whereby the Oil Company paid the injured minor the sum of $10,290.21, and agreed to, and did, secure from the insurance company and deliver to the employee a satisfaction and release of the lien, and also caused the company to assign to the employee, with full power to enforce the same, any cause of action it might have against the Standard Oil Company by reason of the indemnity judgment. The court approved the terms of the settlement, and the judgment against the Oil Company was thereupon satisfied and discharged. The Oil Company retained and presumably paid to the insurance company, the sum of $800.64 from the amount agreed to be paid by the Oil Company to the employee in satisfaction of the judgment. The Oil Company, refusing to acknowledge the legality of the assignment, or to pay the amount assigned, the employee, as assignee, instituted this suit, setting up the assignment and basing his cause of action thereon. Judgment was entered in his favor for the amount, interest, costs, and attorney's fees, and the Standard Oil Company has appealed.

[1] Appellant's first contention is that at the time its insurance carrier made the purported assignment to the employee it had no cause of action against the Oil Company. This contention is answered by the provision of the Workmen's Compensation Act (sec. 30, subd. 2 [f]) that, when an employer is insured against liability for compensation with an insurance carrier, and such carrier shall have paid any compensation for which the employer is liable, or furnished or provided any medical services required by the

act, such insurance carrier shall be subrogated to all the rights of the employer, and may enforce such rights in its own name. [2] The Ocean Accident and Guaranty Corporation, therefore, had a cause of action arising by way of subrogation or equitable assignment. (*Dibble* v. *San Joaquin L. & P. Co.,* 47 Cal. App. 112, 117 [190 Pac. 198].) The cause of action was assignable. [3] Section 954 of the Civil Code has effected a change in the common-law rule of nonassignability of choses in action. One arising either out of violation of a right of property or out of an obligation or contract may now be transferred. (*Dibble* v. *San Joaquin L. & P. Co., supra; Stapp* v. *Madera Canal etc. Co.,* 34 Cal. App. 41, 46 [166 Pac. 823].) [4] The cause of action here assigned is not one arising in favor of the employee by reason of his injuries, but out of the obligation imposed by the Workmen's Compensation Act on the Oil Company, which caused a property injury to the employer, to reimburse the employer, or its subrogated insurance carrier, for the amount of disability indemnity paid the employee. It must not be confused with those peculiarly personal causes of action arising out of injuries to the body or feelings of the person injured, which are not assignable.

[5] The action on the assignment was not barred by the statute of limitations. Being one based upon a liability created by statute, it was properly commenced within three years from the time the insurance company paid the disability indemnity to the injured employee.

The judgment is affirmed.

Richards, J., Sullivan, J., Curtis, J., Shenk, J., and Seawell, J., concurred.