[Civ. No. 3387. Fourth Dist. June 12, 1946.]

LIMITED MUTUAL COMPENSATION INSURANCE
COMPANY (a Corporation), Appellant, v. ARTHUR
W. BILLINGS et al., Respondents.

Stickney & Stickney and Edward Strop for Appellant.

Luce, Forward, Lee & Kunzel for Respondents.

BARNARD, P. J.—This is an action by the insurance carrier for an employer, to recover amounts paid as compensation and medical benefits to two injured employees, on the ground that their injuries resulted from the negligence of the third party defendants.

This appeal is from a judgment of dismissal after a demurrer to the complaint was sustained. The action was brought more than one year but less than three years after the happening of the accident in which the employees were injured. The sole question presented on this appeal is

whether such an action is governed by subdivision (3) of section 340 of the Code of Civil Procedure providing that an action ". . . for injury to or for the death of one caused by the wrongful act or neglect of another . . ." must be commenced within one year, or whether one or more provisions of section 338 of that code are applicable.

The material provisions of the law governing Workmen's Compensation and Insurance are now set forth in chapter 5 of part 1, division 4, of the Labor Code. Section 3850 provides that the word "employer," as used therein, includes the insurance carrier for the employer. Section 3851 provides that the death of the employee, or of any other person, does not abate any right of action "established by this chapter." Section 3852 provides that the claim of an employee for compensation does not affect his right of action for damages against any third person who may have caused his injury. This creates no new right of action but recognizes the continuance of a right which had been long established and which, of course, would be subject to the limitation imposed by section 340, Code of Civil Procedure. Section 3852 then further provides that any employer who becomes obligated to the employee for compensation, or the like, may also bring an action against such a third person and recover therein, among other things, the compensation which he has paid. This right of action, thus given to the employer, is a new one which did not formerly exist and was created by the Workmen's Compensation Act and later carrier into the Labor Code. Section 3853 provides that if either the employee or the employer brings an action against such a third person the other may, at any time before trial, join as party plaintiff or shall consolidate his action if brought separately. This latter provision that the other "shall consolidate his action" obviously applies only when two actions have been filed. Section 3854 provides, in effect, that if the action is prosecuted by the employer alone the expenditures which he has become obligated to make because of the disability suffered by the employee shall be considered as proximately resulting from the injury caused by the third party, in addition to any other items of damage proximately resulting therefrom. In other words, the provision is that the injury caused by the third party shall be considered as including the financial injury resulting to the employer in addition to any injury suffered by the employee.

These provisions establish a right of action in favor of the

employer and make the third party directly liable to the employer where such an action is brought. While this right of action and this liability are clearly established, some confusion results because the provisions of this chapter (§§ 3850-3862) permit the employer to include in his action elements of damage which are personal to the employee (*State Comp. Ins. Fund* v. *Matulich*, 55 Cal.App.2d 528 [131 P.2d 21]) with provisions that he may not retain, and must account to the employee for, any excess over his own special damage which he may recover. However, no double recovery will be permitted because of the overlapping of items of injury to the employee which are also an injury to the employer because of the compensation or other payments he is required to make. (*Eckman* v. *Arnold Taxi Co.*, 64 Cal.App.2d 229 [148 P.2d 677].)

 The appellant contends that this new right of action, thus given to the employer by these sections, is based entirely upon these statutes and that such an action is one "upon a liability created by statute" and governed by subdivision (1) of section 338, Code of Civil Procedure, and, further, that it is an action based upon an injury to a property right, thus also coming within the provisions of subdivision (3) of section 338, Code of Civil Procedure. On the other hand, the respondents contend that these sections of the Labor Code, and their predecessors, impose no new liability upon the negligent third party, that the employer is merely subrogated to, or substituted in, the long established right of the employee to sue the third party, and that it follows that the employer or his insurance carrier, like the employee, is subject to the one year limitation imposed by subdivision (3) of section 340, Code of Civil Procedure.

While some cases may involve a mere matter of subrogation without independent rights, sections 3850, 3852 and 3854 give a new and specific right to the employer and his insurance carrier. That this right of action against a third party who may have caused the injury to the employee which, in turn, has caused an injury to the employer or his insurance carrier, who has been obligated by law to compensate the employee to a certain extent, is not only a statutory right which is based upon a statutory liability, but one entirely separate and distinct from the right of action long enjoyed by the employee, has been recognized in several decisions in this state.

In *Jacobsen* v. *Industrial Acc. Com.*, 212 Cal. 440 [299 P. 66], the court pointed out that "The right of subrogation as such contained in the earlier statute is not contained in the new," but that in lieu thereof "the employer is granted the right to sue or to acquire a lien for his expenditures in the event the employee sues and recovers judgment." In *Merino* v. *Pacific Coast Borax Co.*, 124 Cal.App. 336 [12 P.2d 458], in discussing the right to bring an action given to the employer by section 26 of the Workmen's Compensation Act, now found in section 3852 of the Labor Code, the court said: "The right of recovery is statutory and is to be distinguished from cases involving subrogation."

In *De La Torre* v. *Johnson*, 200 Cal. 754 [254 P. 1105], the court, in considering some of the provisions of the former Workmen's Compensation Insurance and Safety Act, distinguished between the right of the employee to sue the third party who caused his injury and the new right of action given to the employer, and said: "The right of the employer to prosecute a suit against the tort-feasor to recover any compensation which he has paid or has become obligated to pay is a new right created by the act." In *Morris* v. *Standard Oil Co.*, 200 Cal. 210 [252 P. 605], the action against the third party was brought about twenty-three months after the date of the injury to the employee. While that case involved somewhat different issues, relating to the assignability of a claim, some of the reasoning therein seems applicable here. The court there said:

"The cause of action here assigned is not one arising in favor of the employee by reason of his injuries, but out of the obligation imposed by the Workmen's Compensation Act on the oil company, which caused a property injury to the employer, to reimburse the employer, or its subrogated insurance carrier, for the amount of disability indemnity paid the employee. It must not be confused with those peculiarly personal causes of action arising out of injuries to the body or feelings of the person injured, which are not assignable.

"The action on the assignment was not barred by the statute of limitations. Being one based upon a liability created by statute, it was properly commenced within three years from the time the insurance company paid the disability indemnity to the injured employee."

The new and separate cause of action thus created is based upon a liability expressly created by statute. While a third party was formerly liable to the employee he was not liable to

the employer prior to the adoption of these statutory provisions. Although the new liability covers elements which were included in the old it runs in favor of a different party who, by operation of law, has been put in a position where he has also been injured, and it includes elements which the employee is no longer entitled to retain if he recovers them. A new and different liability has therefore been created in favor of another interested party, with provisions designed to prevent a double recovery. The statutes creating the new cause of action and the new liability make no provision limiting the time within which the new action must be commenced, and the general statutes in that regard must prevail.

There are sound reasons for providing a different time limitation for the bringing of such an action by an employer from that governing an action by an employee against the same third party. The employee knows at once that he has been injured but, as a practical matter, the employer does not know whether or not he has been injured by the act of the third party until his liability for compensation to the employee has been determined. He has a right to contest that matter and, in contested cases, more than a year will usually elapse before it is finally settled by the commission and the courts. In the meantime, the employer should not be compelled to file an action claiming he has become liable for compensation while at the same time, in other forums, he is earnestly maintaining that he has not become so liable.

The judgment is reversed.

Griffin, J., concurred.