[Civ. No. 21711.   First Dist., Div. One.   July 14, 1964.]

LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff and Appellant, v. LEONARD STUART FABIAN, Defendant and Respondent.

L. F. Haeberle III for Plaintiff and Appellant.

Hanna & Brophy, Warren L. Hanna, T. Groezinger, Loton Wells, Raymond M. Farley and Edmund D. Leonard as Amici Curiae on behalf of Defendant and Appellant.

Vincent Hallinan, Carl B. Shapiro and Patrick Sarsfield Hallinan for Defendant and Respondent.

BRAY, P. J.—Plaintiff appeals from judgment of dismissal based on order sustaining demurrer without leave to amend.[1]

### QUESTION PRESENTED.

Is an action by a workmen's compensation carrier against a third party tortfeasor for its own damages governed by the one-year statute of limitations of section 340, subdivision 3, Code of Civil Procedure, or the three-year statute of limitations of section 338, subdivision 1, Code of Civil Procedure?

### RECORD.

Plaintiff Liberty Mutual Insurance Company is the workmen's compensation carrier for United Parcel Service. Plaintiff's complaint alleges that as a result of defendant Fabian's negligence, it was compelled to pay to one Cirimele, an employee of United Parcel Service certain workmen's compensation benefits.[2]

The accident took place December 10, 1959. This action was filed May 9, 1961. Defendant demurred to the complaint on the ground that the cause of action was barred by section

---

[1]Plaintiff also appeals from the order sustaining demurrer without leave to amend and order denying plaintiff's motion for reconsideration of demurrer. As these orders are not appealable, the appeals therefrom will have to be dismissed.

[2]Insurance Code section 11662 provides that when an insurance carrier pays any compensation for which the employer is liable, the carrier is subrogated to the rights of the employer and may enforce such subrogated rights in its own name. (*Tate* v. *Superior Court* (1963) 213 Cal.App.2d 238, 244 [28 Cal.Rptr. 548].)

340, subdivision 3, of the Code of Civil Procedure. The demurrer was sustained without leave to amend. Plaintiff's motion for reconsideration of the demurrer was denied. Judgment of dismissal was then entered.

## WHICH STATUTE OF LIMITATIONS APPLIES?

Section 340, subdivision 3, Code of Civil Procedure, provides that "for injury to or for the death of one caused by the wrongful act or neglect of another . . . " the action must be brought within one year.

Section 338, subdivision 1, Code of Civil Procedure, provides that an action upon a liability created by statute, other than a penalty or for forfeiture, shall be commenced within three years.

Section 3852 of the Labor Code provides: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. *Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person.* In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension or other emolument paid to the employee or to his dependents."[3] (Italics added.)

Defendant relies principally on *Aetna Casualty etc. Co.* v. *Pacific Gas & Electric Co.* (1953) 41 Cal.2d 785 [264 P.2d 5, 41 A.L.R.2d 1037]. There the plaintiff was the compensation insurance carrier for an employer whose employee sustained an industrial injury allegedly caused by the negligence of third party defendants. In this fourth cause of action plaintiff sought to recover the employee's general tort damages.

---

[3]Section 3854, Labor Code, provides: "If the action is prosecuted by the employer alone, evidence of any amount which the employer has paid or become obligated to pay by reason of the injury or death of the employee is admissible, and such expenditures or liability shall be considered as proximately resulting from such injury or death in addition to any other items of damage proximately resulting therefrom. [After recouping himself for such special damages, together with a reasonable attorney's fee fixed by the court, . . . the employer shall pay any excess to the injured employee or other person entitled thereto.]" (Bracketed portion eliminated by Stats. 1959, ch. 1255, § 1.) The substance of the deletion appears to be presently contained in section 3856, subdivision (a), enacted by the same Legislature.

The action was brought more than one year but less than three years after the occurrence of the accident which caused the injury. A demurrer to this fourth cause of action was sustained without leave to amend. The court said at pages 786-787: ''The determinative question is whether the fourth cause of action is governed by the one-year statute of limitations applicable to an action for damages 'for the injury to . . . one caused by the wrongful act or neglect of another' (Code Civ. Proc., § 340, subd. 3) or the three-year statute applicable to an action 'upon a liability created by statute' (Code Civ. Proc., § 338, subd. 1). The Labor Code authorizes the employer or its insurance carrier to bring an action against the third party tort feasor (§§ 3850, 3852) and to include therein the general damages to the employee as well as the special damages to the employer for compensation and medical benefits (§ 3854). Assuming, without deciding, that this liability of the tort feasor to the employer or its insurance carrier for the employee's general damages is one created by statute (cf. *Limited Mutual Comp. Ins. Co.* v. *Billings,* 74 Cal.App.2d 881, 884-885 [169 P.2d 673]), nevertheless under settled legal principles the trial court correctly concluded that the one-year statute applied.''

The court continues: ''The employee's general damage claim, whether prosecuted by the employee personally or by his employer or its insurance carrier on his behalf, is solely one in tort for personal injuries arising out of the negligence of the third party tort feasor; hence the cause of action accrues at the time of the negligent act. No matter who may be the party plaintiff, the cause of action is one within the express terms of subdivision 3 of section 340 of the Code of Civil Procedure. That section is a special statute controlling the time within which any action covering such injury may be commenced, and it prevails over the general statute applicable to actions based upon a 'liability created by statute.' (Code Civ. Proc., § 338, subd. 1.) In line with this principle, the one-year statute has been held applicable to an action for personal injuries based upon the liability of the owner of an automobile for imputed negligence of the driver thereof under section 402 of the Vehicle Code (*Franceschi* v. *Scott,* 7 Cal.App.2d 494, 495-496 [46 P.2d 764]) and to an action for personal injuries based upon the liability of the driver's parents who had signed and verified the driver's application for an operator's license as required by section 352 of the Vehicle Code (*McFarland* v. *Cordiero,* 99 Cal.App. 352, 354-

355 [278 P. 889]). Certainly if such principle applies in cases where a new person, by virtue of statutory authority, may be sued on a personal injury claim (see *Ridley* v. *Young*, 64 Cal.App.2d 503, 509 [149 P.2d 76]), it should apply here where a new person, under statutory authority, may sue on a personal injury claim. There is nothing in the Labor Code (§§ 3850-3863) which would indicate an intention to impose a greater burden on the tort feasor if recovery on the employee's damage claim is sought by the employer or its insurance carrier rather than the injured employee insofar as the time of suit is concerned. The tort liability to respond in general damages of the personal injury claim remains the same. To hold otherwise would produce the anomalous result whereby the employee's tort action would be barred if he undertook to prosecute it and yet the employer or its insurance carrier could recover damages at a later date for the employee on that same cause of action. Accordingly, plaintiff unavailingly argues that its 'fourth cause of action' is governed by the general three-year statute of limitations applicable to a 'liability created by statute.' (Code Civ. Proc., § 338, subd. 1.)'' (Pp. 787-788.)

Justices Carter and Traynor dissented on the ground that ''The cases demonstrate that the test of whether a liability is created by statute, and thus controlled by the limitation statute, is whether except for the statute there would not be liability,'' (p. 793) and that ''Here it is clear that in the absence of statute the employer would have no cause of action for injuries suffered by his employee, hence, the liability, if any, is created by statute, and the three-year statute of limitation applies.'' (P. 793.)

In *Limited Mutual Comp. Ins. Co.* v. *Billings* (1946) 74 Cal.App.2d 881, 885 [169 P.2d 673], referred to in *Aetna*, the court held that the statute of limitations applicable to an action by an employer or his insurance carrier against a tortfeasor for compensation paid an employee is section 338, subdivision 1 (three years). However, the decision in *Aetna* follows the weight of national authority that in an action by an employer or his insurer against a third party for compensation paid an employee injured by the negligence of the third party, the limitation provided for personal injury cases applies, rather than the limitation provided for statutory liability. (See 41 A.L.R.2d 1045, 1960 Supp. 2883-2884; 1962 Supp. 911; 1964 Supp. 970.) The usual theory accepted is that the employer is subrogated to the right of the employee

to recover for the injury. Most of the California cases deny the application of a strict subrogation theory. (See *Billings, supra,* and the California authorities therein reviewed; see also 2 Hanna, The Law of Employee Injuries and Workmen's Compensation, 573-574.) Under the reasoning in *Aetna,* however, it makes no difference whether the employer's right to sue is due to subrogation or to statute creation, the limitation of time to sue is based upon the special statute (§ 340, subd. 3) controlling the general statute (§ 338, subd. 1) as to the time within which suit may be brought.

The majority of cases in other jurisdictions hold that ''the cause of action is not changed by the fact that the employer or insurer is the plaintiff, the action still being one for the recovery of damages for personal injuries to or death of the employee, and therefore subject to the statute of limitations applicable to such an action. Generally, the courts have adhered to this rule notwithstanding the contention that it would work a hardship in that it would defeat a recovery for an employer or his insurance carrier against the third party liable for the injury or death, because he could not maintain an action against a third person until his liability for compensation had been determined, which might be after the employee's right of action or that of his representative against a third person had become barred.'' (41 A.L.R.2d 1045, *supra.*)

In *Aetna, supra,* the fact that the cause of action which was determined to be barred by the one-year statute of limitations was brought by the employer's insurance carrier against the tortfeasor for the employee's own damages does not mean that the ruling would not apply to the third cause of action in the complaint in that case. That cause of action was for the compensation paid by the carrier to the employee because of the injuries received by the employee due to the tortfeasor's negligence. Apparently no demurrer to that cause of action was offered, and the court does not discuss any question of limitation applicable to that cause of action. However, the reasoning that the special statute relating to personal injuries controlled the general statute applying to statute liability, would necessarily apply to the employer's own suit.

Volume 2 Hanna, *supra,* page 594, states that the three-year time limit is applicable to an action by the employer against a third party tortfeasor. This statement is based on

*Billings, supra,* which we have hereinbefore shown has, in effect, been overruled by *Aetna, supra* (Hanna does not discuss *Aetna, supra*), and upon *National Auto. & Cas. Ins. Co.* v. *Ainge* (1950) 34 Cal.2d 806 [215 P.2d 13]. *Ainge* does not support the statement. There the plaintiff, an insurance carrier, sought reimbursement for compensation paid to an injured employee, against Fannie Ainge, individually and as executrix of the estate of her deceased husband. The court said that the demurrer "to the cause of action against the defendant as an individual was properly sustained on the ground that the statute of limitations had run. *Plaintiff concedes that the maximum statutory period would be three years* (Code Civ. Proc., § 338, subd. 1)." (P. 810; italics added.) There was no discussion of the effect of the court's decision in *Aetna, supra.* The court further said : "The statute of limitations had not run against the defendant as executrix even if a one-year period is considered (Code Civ. Proc., § 340, subd. 3)." (P. 810.) This was because section 353, Code of Civil Procedure suspended the running of the statute of limitations until letters testamentary were issued, giving the plaintiff one year thereafter to bring the suit. It is obvious that the court was not overruling *Aetna* nor actually determining which statute of limitation applied.

In *Morris* v. *Standard Oil Co.* (1926) 200 Cal. 210 [252 P. 605], the plaintiff was employed by the Chronicle Publishing Company of Calexico. In the course of his employment he was seriously injured by being run over by a truck operated by the oil company. He sued the oil company for damages for personal injuries, receiving a judgment of $12,000. The insurance carrier for both the publishing company and the oil company was the Ocean Accident and Guaranty Corporation, Limited, of London, England. Neither that company nor the plaintiff's employer, the publishing company, was joined in the suit against the oil company, nor did either institute an independent action against the oil company. As compensation carrier for the employer, Ocean supplied the plaintiff with medical and hospital care, and paid him disability indemnity. However, none of these items was included in the action against the oil company. Being subrogated to the rights of the employer (under the provisions of the then Workmen's Compensation Act (Stats. 1917, p. 860, § 30, subd. (f)) the carrier petitioned for a lien against the amount of the employee's judgment for the amounts paid by it as compensa-

tion and for medical and hospital treatment. The application was denied as to the latter items but the carrier was allowed a lien against the judgment for the amount paid as compensation, on condition that it assign to the employee plaintiff all claims and demands that it might have against the oil company for the amounts paid by it to the plaintiff. The carrier then made the assignment to the plaintiff. Thereafter, a settlement was had in which the oil company paid the carrier the amount of the above mentioned lien and to the plaintiff the balance of the amount due on the judgment, and also delivered the plaintiff a release of the carrier's lien, and an assignment to the plaintiff of any cause of action it might have against the oil company by reason of the indemnity judgment. The oil company refused to recognize this assignment; so the plaintiff, as assignee, sued the oil company, basing his cause of action on this assignment.

The court held that under the before mentioned provision of the Workmen's Compensation Act, if the employer's carrier paid any compensation to an injured employee for which the employer was liable or provided medical services required by the act, such insurance carrier is subrogated to the rights of the employer and may enforce such rights in its own name. The court then held, "The cause of action here assigned is not one arising in favor of the employee by reason of his injuries, but out of the obligation imposed by the Workmen's Compensation Act on the Oil Company, which caused a property injury to the employer, to reimburse the employer, or its subrogated insurance carrier, for the amount of disability indemnity paid the employee. It must not be confused with those peculiarly personal causes of action arising out of injuries to the body or feelings of the person injured, which are not assignable" and finally, "The action on the assignment was not barred by the statute of limitations. Being one based upon a liability created by statute, it was properly commenced within three years from the time the insurance company paid the disability indemnity to the injured employee." (P. 214.)

It is interesting to note that in *Aetna, supra,* neither in the majority nor the minority opinion is *Morris* mentioned. However, it is clear from the majority opinion that had *Morris* been considered the result would not have been different. The majority opinion holds that whether the liability of the tort-feasor to the employer or its insurance carrier is one created by statute makes no difference in the determination of the

applicable statutes of limitation.[1] It is the fact that because section 340, subdivision 3, Code of Civil Procedure, is a special statute, and section 338, subdivision 1, is a general statute, that the former statute applies. Actually, the reasoning in *Morris* is identically that of the minority opinion in *Aetna,* which the majority opinion rejects.

Moreover, to apply the three-year limitation rather than the one-year one would result in a most anomalous situation. If an employee is injured by the negligence of a third party, he is limited to one year in which to sue for the damages resulting from that injury which would include loss of wages, medical expenses, etc. If he does not sue, but the employer who has paid the employee wages and medical expenses sues, the limitation would be three years. Should both the employer and the employee sue the third party, if the three-year statute applies to the employer's right of action, there would result the peculiar situation of there being two statutes of limitation applicable in the same action, one year for the employee's right of action, and three years for that of the employer, and yet the rights of action both arise out of the same "wrongful act or neglect of another."

Section 3854 of the Labor Code at the time of the accident upon which this action is based occurred read in part, "If the action is prosecuted by the *employer alone.* . . . After recouping himself for such special damages" and attorney's fees, "*the employer shall pay any excess to the injured employee* or other person entitled thereto." (Italics added.) Thus, if the three-year statute applies to the employer's action and one year to the employee's action, we would have a situation where the employee would be recovering from the "excess" damages from the third party which he could not recover in an action brought by him nor by the employer for the employee's damages alone

Another anomalous situation would result if the three-year statute is the one applicable to an action brought by the employer alone. Section 3856, Labor Code, applies to an action brought by the employee alone against the third party. It provides in pertinent part: "The court shall first apply,

---

[1] "Assuming, without deciding, that this liability of the tortfeasor to the employer or its insurance carrier for the employee's general damages is one created by statute (cf. *Limited Mutual Comp. Ins. Co.* v. *Billings,* 74 Cal.App.2d 881, 884-885 [169 P.2d 673]), nevertheless under settled legal principles the trial court correctly concluded that the one-year statute applied." (P. 787.)

out of the entire amount of any judgment for any damage recovered by the employee, a sufficient amount to reimburse the employer for the amount of his expenditures for compensation. If the employer has not joined in the action or has not brought action, or if his action has not been consolidated, the court, on his application shall allow, as a first lien against the entire amount of any judgment for any damages recovered by the employee, the amount of the employer's expenditures for compensation; ..."

Thus, it appears, as said in *Tate* v. *Superior Court*, *supra*, 213 Cal.App.2d 238, there are "three ways in which an employer who pays compensation may recover the amount so expended against a negligent third party: by an independent action, by joining in the employee's action, or by claiming a lien on the employee's judgment." (P. 245.)

Under plaintiff's contention, if the employer adopts the first method he has three years in which to seek to recover. However, if he follows either of the other two ways, he has only one year, and yet all three remedies arise out of one situation, the *negligence* of the third party, and so far as the recovery by the employer is concerned, the amounts recoverable are the same. Section 3855 provides, "If the employee joins in or *prosecutes* such action, either the evidence of the amount of disability indemnity or death benefit paid or to be paid by the employer or the evidence of loss of earning capacity by the employee shall be admissible, but not both. Proof of all other items of damage to either the employer or employee proximately resulting from such injury or death is admissible and is part of the damages." It is clear that the gravamen of the employer's action against the third party is the negligent injury of the employee, or in the words of section 340, subdivision 3, Code of Civil Procedure, the injury to the employee "caused by the wrongful act or neglect of another."

Another indication that the employer's right of recovery is based upon negligence is the fact that the employer's right of recovery is defeated by the negligence of the employer concurrent with that of the third party if such concurrent negligence exists.

Plaintiff would draw a distinction between *general* damages referred to in *Aetna, supra,* action for which was limited to one year, and *special* damages which it contends it is seeking here, and for the recovery of which it contends the limitation is three years. The Legislature makes no distinc-

tion between the right to recover either. Recovery is provided for all expenditures of the employer whether it be for compensation payments, medical payments, or death benefits. All damages arising out of the third party's tortious acts are and should be treated the same.

The appeals from the orders are dismissed. The judgment is affirmed.

Sullivan, J., and Molinari, J., concurred.

A petition for a rehearing was denied July 31, 1964, and appellant's petition for a hearing by the Supreme Court was denied September 10, 1964.