[Civ. No. 29699.   Second Dist., Div. Two.   May 19, 1966.]

CITY OF LOS ANGELES, Plaintiff and Appellant, v. ANNA MARIE ALDRICH, Defendant and Respondent.

Roger Arnebergh, City Attorney, Bourke Jones and John A. Daly, Assistant City Attorneys, and Charles E. Mattson, Deputy City Attorney, for Plaintiff and Appellant.

Morgan, Holzhauer, Burrows & Wenzel, Morgan, Wenzel, Lynberg & Morris and Albert B. Norris for Defendant and Respondent.

ROTH, P. J.—An employee of appellant City of Los Angeles (City) was injured during the course of his employment allegedly by the negligence of respondent Anna Marie Aldrich on September 27, 1960. City filed a complaint on March 27, 1962, praying for the amount of compensation and medical expenses which it alleges it was compelled to and did pay to its employee as a consequence of said injury. City also prayed for property damages suffered as a result of respondent's alleged negligence.

Respondent having raised the defense of the statute of limitations, that issue was tried first. (Code Civ. Proc., § 597.) Judgment was entered for respondent. The findings and conclusions of the court indicate that the claim for property damage was withdrawn from the case.

The sole question on appeal is whether an action by an employer against a third party for losses incurred by payment of compensation and medical expenses to an injured employee under Division 4 of the Labor Code, is governed by the one-year statute of limitations of Code of Civil Procedure, section 340, subdivision 3, or the three-year statute of Code of Civil Procedure, section 338, subdivision 1.

Section 340, subdivision 3 provides for a one-year period of limitations in actions "for injury to . . . one caused by the wrongful act or neglect of another. . . ." Section 338, subdivision 1, on the other hand, provides for a three-year period in actions "upon a liability created by statute. . . ." The cause at bench, based on the right to sue third party tortfeasors given the employer in Labor Code, section 3852,[1] is based on both a statutory liability and injury caused by the neglect of another.

City admits that this question was decided adversely to its position in *Liberty Mutual Insurance Co. v. Fabian*, 228 Cal. App.2d 427 [39 Cal.Rptr. 570] (Hearing denied September 10, 1964) which applied the one-year period of limitations. It argues, however, that the *Fabian* case is based on erroneous

---

[1]Section 3852 provides in pertinent part: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury . . . against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation . . . may likewise make a claim or bring an action against such third person . . . ."

reasoning and is contrary to the decision in *Limited Mutual Compensation Insurance Co.* v. *Billings,* 74 Cal.App.2d 881 [169 P.2d 673].

*Fabian* was based on the Supreme Court's decision in *Aetna Casualty & Surety Co.* v. *Pacific Gas & Electric Co.,* 41 Cal.2d 785 [264 P.2d 5, 41 A.L.R.2d 1037]. In *Aetna,* plaintiff was the compensation insurance carrier for an employer whose employee allegedly sustained an industrial injury due to the negligence of the defendant. In its fourth cause of action, plaintiff sought recovery for the employee's general tort damages. The suit was brought between one and three years after the accrual of the cause of action. The trial court sustained a demurrer to the fourth cause of action, and the Supreme Court upheld that decision, concluding that the one-year period of limitations applied. "To hold otherwise," said the court, "would produce the anomalous result whereby the employee's tort action would be barred if he undertook to prosecute it and yet the employer or its insurance carrier could recover damages at a later date for the employee on that same cause of action." (*Aetna Casualty & Surety Co.* v. *Pacific Gas & Electric Co., supra,* at p. 788.)

Appellant argues that *Aetna* is distinguishable from the case at bench and the *Fabian* case. *Aetna* applied the one-year period only to the plaintiff's fourth cause of action which was based on general damages on behalf of the employee; the opinion says nothing about plaintiff's third cause of action for compensation benefits obtained by the injured employee. Appellant concludes that the reliance on *Aetna* in the *Fabian* case was therefore misplaced.

This contention, however, is convincingly answered in the *Fabian* decision. The court said at page 432: "In *Aetna, supra,* the fact that the cause of action which was determined to be barred by the one-year statute of limitations was brought by the employer's insurance carrier against the tortfeasor for the employee's own damages does not mean that the ruling would not apply to the third cause of action in the complaint in that case. That cause of action was for the compensation paid by the carrier to the employee because of the injuries received by the employee due to the tortfeasor's negligence. Apparently no demurrer to that cause of action was offered, and the court does not discuss any question of limitation applicable to that cause of action. However, the reasoning that the special statute relating to personal injuries controlled the

general statute applying to statute liability, would necessarily apply to the employer's own suit.''

The court continues at page 436: ''Thus, it appears, as said in *Tate* v. *Superior Court, supra,* [213 Cal.App.2d 238 (28 Cal.Rptr. 548)], there are 'three ways in which an employer who pays compensation may recover the amount so expended against a negligent third party: by an independent action, by joining in the employee's action, or by claiming a lien on the employee's judgment.' (P. 245.)

''Under plaintiff's contention, if the employer adopts the first method he has three years in which to seek to recover. However, if he follows either of the other two ways, he has only one year, and yet all three remedies arise out of one situation, the *negligence* of the third party, and so far as the recovery by the employer is concerned, the amounts recoverable are the same. . . .

'' .   .   .   .   .   .   .   .   .   .   .   .   .

''Plaintiff would draw a distinction between *general* damages referred to in *Aetna, supra,* action for which was limited to one year, and *special* damages which it contends it is seeking here, and for the recovery of which it contends the limitation is three years. The Legislature makes no distinction between the right to recover either.[2] Recovery is provided for all expenditures of the employer whether it be for compensation payments, medical payments, or death benefits. All damages arising out of the third party's tortious acts are and should be treated the same.''

We agree that the trial court was correct in following the *Fabian* case even though that case rests upon *Aetna* which was decided by a divided court. In our opinion, the better reasoning requires the application of the one-year statute of limitations.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 13, 1966.

---

[2] See Labor Code section 3852, footnote 1, *supra.* In addition, section 3856 of the Labor Code provides that where the action is prosecuted by the employer alone, the court shall first reimburse the employer from the judgment, then order ''any excess'' to be paid to the employee. (Footnote added.)