[Civ. No. 1903. Fifth Dist., Aug. 5, 1974.]

BOARD OF RETIREMENT OF KERN COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, Plaintiff and Appellant, v. DAVID T. TERRY, Defendant and Respondent.

**COUNSEL**

Ralph B. Jordan, County Counsel, and Ronald L. Shumaker, Deputy County Counsel, for Plaintiff and Appellant.

King, Eyherabide, Anspach & Newell, Oliver U. Robinson and Abe Mutchnik for Defendant and Respondent.

**OPINION**

**FRANSON, J.**—This appeal presents two questions: Which statute of limitation applies and when does it start running on a county retirement board's cause of action under Government Code section 31820 against a third party tortfeasor to recover retirement benefits paid to an injured county employee? Applying the cases interpreting the subrogation provisions of the workmen's compensation law, the trial court held that the board's cause of action came within the one-year limitation period of Code of Civil Procedure section 340, subdivision 3 and that the limitation period commenced on the date of the employee's injury. ██ We hold that the cause of action is based on a statutory liability within the three-year provisions of Code of Civil Procedure section 338, subdivision

1, and that the limitation period begins on the date the retirement benefits become payable.

The facts are undisputed. On December 2, 1968, Ava Mae McCormick, a member of the Kern County Employees' Retirement Association, was struck by an automobile driven by respondent David T. Terry. On January 16, 1969, Mrs. McCormick filed an action for personal injury against Terry. In October 1969 the suit was settled and the action was dismissed with prejudice. Mrs. McCormick received $14,900 from Terry. The retirement board received no notice of Mrs. McCormick's suit against Terry, nor of the settlement.

On March 3, 1971, more than two years after being struck by Terry's automobile, Mrs. McCormick filed her application with the retirement board for a nonservice-connected disability retirement. The board had no knowledge that Mrs. McCormick intended to apply for disability benefits until the application was filed. On August 2, 1971, the board granted Mrs. McCormick's application and thereby incurred an obligation to her in the amount of $17,208.17.

On March 1, 1972, more than three years after Mrs. McCormick's injury, the board filed the present action against Terry under Government Code section 31820 to recover $8,640.08, which represents one-half of the actuarial equivalent of the obligation incurred by the board as a result of Mrs. McCormick's disability retirement. The trial court granted Terry's motion for summary judgment and dismissed the complaint on the ground . that the action was barred by the statute of limitations.

Government Code section 31820 provides: "If benefits are payable under this chapter because of an injury to, or the death of, a member of the retirement association, and such injury or death is the proximate consequence of the act of any person other than his employer, the board on behalf of the retirement association may recover from such person an amount which is the lesser of the following:

"(1) An amount which is equal to one-half of the actuarial equivalent of the benefits for which the association is liable because of such injury or death; or

"(2) An amount which is equal to one-half of the remaining balance of the amount recovered after allowance of that amount which the employer or its insurance carrier have paid or become obligated to pay. *The right shall be determined under the subrogation provisions of any workmen's compensation law.*" (Italics added.)

Terry argues that the reference in section 31820 to the subrogation provisions of the workmen's compensation law compels a finding that the limitation period for the board's right to recover benefits from a third party is one year from the date of the employee's injury. He cites in support of this proposition the cases holding that a subrogation action by an employer or its carrier to recover workmen's compensation benefits paid on behalf of an employee injured by a negligent third party must be filed either by the employee or the employer within one year of the negligent act. (*Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.*, 41 Cal.2d 785 [264 P.2d 5, 41 A.L.R.2d 1037; *Liberty Mutual Ins. Co.* v. *Fabian*, 228 Cal. App.2d 427 [39 Cal.Rptr. 570]; *City of Los Angeles* v. *Aldrich*, 242 Cal. App.2d 306 [51 Cal.Rptr. 408].) The rationale for these decisions is that the employer's cause of action is grounded on the employee's injury; hence the action comes within the one-year limitation period of Code of Civil Procedure section 340, subdivision 3.

■ We hold, however, that the subrogation language upon which Terry relies was not intended by the Legislature to impose a one-year limitation period upon actions brought under Government Code section 31820. We reach this conclusion on the basis of analogous case and statutory law pertaining to the state Public Employees' Retirement System. In *Board of Administration* v. *Ames*, 215 Cal.App.2d 215 [29 Cal.Rptr. 917], the reviewing court was faced with the identical questions before us. Ames, while intoxicated, drove his car into the rear of a highway patrol vehicle permanently injuring a patrolman. The accident occurred on March 10, 1956, and a determination that the patrolman was eligible for state disability retirement was made on May 26, 1958. On December 31, 1959, more than three years after the accident, the retirement system filed an action against Ames under the subrogation provisions of the state retirement law (Gov. Code, §§ 21450-21455) to recover retirement benefits paid to the injured patrolman. The subrogation provisions of the state retirement law are comparable to section 31820. Government Code section 21451 permits the retirement system to recover from a third party tortfeasor any retirement benefits payable because of an injury to or the death of a member caused by the wrongful act of the third party; section 21453 allows the state fund to prosecute actions, file liens or intervene in court proceedings "in the same manner and to the same extent" as provided in the subrogation provisions of the workmen's compensation law. (Ch. 5, pt. 1, div. 4 of the Labor Code, § 3850 et seq.)

*Ames* holds that the action involved a liability created by statute governed by the three-year limitation in Code of Civil Procedure section 338,

subdivision 1, rather than the one-year provision in Code of Civil Procedure section 340, subdivision 3. The court also held that the cause of action did not accrue until the retirement board's liability was established and said: "Certainly when the accident occurred there then existed no liability of defendant to plaintiff created by statute or otherwise, and hence at that time plaintiff had no cause of action against defendant. How, then, could a limitation commence to run on a liability that did not exist? The statutory liability commenced when the Industrial Accident Commission determined the disability to be industrially incurred, retired Hanson, and determined the extent of the disability and the amount to be paid to him. Then, for the first time, defendant's liability provided for in section 21451 was created, and then the limitation of section 338, subdivision 1, commenced to run." (Cf. *St. Paul Fire & Marine Insurance Co.* v. *Cunningham* (9th Cir. 1958) 257 F.2d 731, 732.)

It should be noted that at the time of the accident in *Ames*, there was no specific provision in the Government Code as to the time within which an action should be brought under section 21451. The year after the accident, 21455 was added. This section provides: "Actions brought by the board under this chapter shall be commenced within three years after the liability of the system to pay benefits is fixed. Liability of the system is fixed at the time the board approves the payments of benefits under this part." (Added Stats. 1957, ch. 936, p. 2156, § 18, operative Oct. 1, 1957.) The *Ames* court expressly ruled that section 21455 did not change the law but merely declared the existing law; even prior to the enactment of section 21455 the statute of limitations did not commence to run at the time of the accident, but only at the time the board's liability to the employee accrued. The Supreme Court denied a hearing.

We believe that *Ames* is controlling in the present case. To hold otherwise would render Government Code section 31820 a nullity in those cases, such as the one before us, where the retirement board's liability does not arise within a year of the date of the employee's injury.

■ The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*Cal. Toll Bridge Authority* v. *Kuchel,* 40 Cal.2d 43, 53 [251 P.2d 4]; *Anaheim Union Water Co.* v. *Franchise Tax Bd.,* 26 Cal. App.3d 95, 105-106 [102 Cal.Rptr. 692].) To this end, we must presume that every word, phrase and provision used in a statute was intended to have some meaning. (*People* v. *Western Air Lines, Inc.,* 42 Cal.2d 621, 638 [268 P.2d 723].) We must also avoid an interpretation that would deny a remedy while recognizing a right. (*Bermite Powder Co.* v. *Fran-*

*chise Tax Bd.*, 38 Cal.2d 700, 703 [242 P.2d 9].) Applying these principles we conclude that the subrogation language contained in Government Code section 31820 was intended to provide a general scheme as to the rules of procedure in determining the amount of the recovery by the board against the third party tortfeasor and that the Legislature did not intend to incorporate by reference the decisional law governing the limitation period for actions brought by an employer or its carrier under the workmen's compensation law.

Persuasive evidence of the legislative intent on this point is the fact that the statutory scheme for the recovery of benefits payable under section 21453 of the state retirement law in essence contains the identical subrogation language set forth in section 31820; yet, in 1957, the Legislature added section 21455 to provide that actions brought by the state retirement board shall be commenced within three years after the liability of the system to pay benefits is fixed *and expressly provided that liability is fixed at the time the board approves the payment of the benefits.* Thus, the legislative intent is clear: The cause of action by the state retirement board against the negligent third party is not grounded on the employee's injury but on the board's statutory and contractual obligation to pay the retirement benefits to its member-employee. In keeping with the principle of legislative consistency, we can presume only that the Legislature would intend the same result with respect to a county retirement board's right to recover disability benefits. We see no reason in logic or public policy to differentiate between a state retirement board and a county retirement board insofar as the right to recover benefits payable to its members as a consequence of the wrongdoing of a third party.

Terry argues that a tortfeasor's exposure to suit beyond the one-year statute of limitations should not depend upon the fortuitous fact that his victim is a public employee. However, it is recognized that legitimate differences between public and private employment justify a differentiation in subrogation rights between public retirement associations and private retirement plans and that a separate classification of the former is constitutionally valid. (*Board of Administration* v. *Ames, supra,* 215 Cal.App.2d 215, 228-229; cf. *Bilyeu* v. *State Employees' Retirement System,* 58 Cal.2d 618, 623-625 [24 Cal.Rptr. 562, 375 P.2d 442].) An argument challenging the wisdom of the Legislature's enactments creating subrogation rights for public retirement associations is properly addressed to the Legislature rather than the courts.

The summary judgment is reversed.

Gargano, Acting P. J., concurred.

**STONE, J.*** —I concur in the logical reasoning of the majority opinion and the authority of *Board of Administration* v. *Ames*, 215 Cal.App.2d 215 [29 Cal.Rptr. 917], upon which the majority largely relies. I do so reluctantly, however, because of the untoward results inherent in Government Code section 31820 exemplified by this case. For one thing, a person settling a claim with an employee of the state or any political subdivision thereof based upon personal injuries has no assurance that his liability is final until the employee retires or leaves public service. This is true whether he satisfies a judgment in an action at law or makes a settlement and receives a complete release from the employee. Here the injured employee filed for retirement two years after the accident and some considerable period of time after Terry had satisfied the claim in full. There is nothing in the language of section 31820 that prevents a disability retirement claim of this nature being filed five years or longer after the accident, after settlement of the claim, or after satisfying a judgment.

During the time the employer's cause of action is suspended, that is, until the employee seeks retirement, the employee's retirement benefits increase. Thus, not only does the sword of Damocles hang over the head of one who pays a judgment or settles a claim with an injured public employee, but it grows heavier year by year as the employee's retirement benefits increase.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.